Day, J.
The principal question arising upon the record is that pertaining to the action of the court in overruling the motion to dismiss the appeal. The damages arising from the condemnation of the right, of way claimed were assessed to Alfred G. Hurst and S. G. Smith, leaving them to determine, in a proceeding between themselves, the portion of this sum to which each was entitled. From this assessment Alfred Hurst appealed, and a judgment was rendered in his favor for $1,200. The original assessment of $150 either was or was not merged in the judgment in the district court. If merged, what consequences follow ? Smith had no notice of the appeal. It is not to be presumed that he had any knowledge of what transpired subsequent to the assessment. The record shows that the amount originally assessed was paid to the sheriff, as required by law. Smith had a right to suppose it would remain there, and that whatever portion he was entitled to would continue subject to his order. If, however, this assessment was merged in the judgment which followed, the railroad company might be fully discharged by pay *67 ment of the judgment to Alfred Hurst. Smith, for the protection of his interests, would thus be driven to proceedings against Hurst, which might be unavailing in consequence of Hurst’s insolvency.
Thus, by proceedings to which he was not a party, and without being heard, his rights would be swept away. Again, if Hurst, upon his appeal to the district court, had failed to recover any damage, does it follow that Smith must also go uncompensated ? Ve feel impelled to hold that whatever interest Smith had in the damages assessed by the commissioners was not aifected by the appeal of Hurst. How is the plaintiff affected by this view ? A judgment has been rendered against it, in favor of Hurst, for $1,200. Smith may be able to show, in the proper proceeding, that, at the time of the original assessment, he was sole owner of the premises, and entitled to the sum assessed. Thus the plaintiff would become responsible in damages to both parties. To one, for the entire amount of damages believed by the commissioners to result from taking the right of way. To the other, for the larger sum estimated by the trial jury for the same right of way. A construction productive of such results ought not to be placed upon the law. From these considerations we are constrained to hold that Hurst could not properly prosecute his appeal without uniting Smith as appellant, or making him a party to the proceedings by notice. The overruling of the motion to dismiss the appeal was, in our judgment, under the circumstances disclosed, erroneous.
II. As the cause must be i eversed for the error before noticed, a consideration of the remaining objection urged in the argument is not very essential. At the trial, appellant sought to introduce proof tending to show the interest of Hurst in the premises at the time of the original assessment.
If the cause should again come to trial with proper parties, such evidence may properly be admitted. The *68 plaintiff had a right to make all persons claiming an interest in the property parties to a proceeding to condemn the right of way. By so doing, it may be estopped to deny that they have some interest in the property sought to be appropriated. It does not, however, conclusively admit that every one so made a party has the highest attainable interest.
The judgment of the court below is reversed, and the cause remanded to the district court, with directions to sustain the motion to dismiss the appeal, unless S. G-. Smith, by notice or otherwise, is made a party to the record.
Reversed.