C. R., I. F. & N. W. Ry. Co. ET AL. v. C. M. & St. P. Ry. Co.

C. R., I. F. & N. W. LAND AND TOWN LOT Co. ET AL. v. SAME.

C. R., I. F. & N. W. LAND AND TOWN LOT Co. v. SAME.

1. **Railroads:** CONDEMNATION OF RIGHT OF WAY: SHERIFF NOT A PARTY. The sheriff who conducts proceedings for the condemnation of right of way for a railroad, is in no sense a party to the proceedings, and he is not disqualified to serve notices of appeal from an award made therein.

2. ———: ———: NO APPEAL FROM PART OF AN AWARD. Where an award of damages has been assessed for right of way over a tract of land, and a stranger to the proceedings afterward purchases a portion of the tract, he cannot sustain an appeal from the award, nor from a part thereof.

3. ———: ———: WHO MAY APPEAL. Where right of way for a railroad is condemned upon personal service of notice thereof upon the supposed owner of the land, a person not made a party to the proceedings, though he be the real owner of the land, cannot appeal from the award of the jury:—Following *Connable v. C. M. & St. P. Ry. Co. ante,* p. 27.

*Appeal from Emmet Circuit Court.*

TUESDAY, DECEMBER 5.

THESE cases involve questions touching the rights of the respective plaintiffs to appeal from certain assessments of damages, made in the condemnation of land for right of way for the Chicago, Milwaukee & St. Paul railroad in Emmet county. The Circuit Court dismissed the appeals, and both parties, in all the cases, appeal to this court. The plaintiffs first perfected their appeals and will therefore be designated as appellants.

*J. & S. K. Tracy* and *Soper & Crawford,* for appellants.

*Geo. E. Clarke* and *T. W. Harrison,* for appellee.

ROTHROCK, J.—I. In the first case, the commissioners assessed the damage upon the E. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$, and the E.

**1. RAILROADS: condemnation of right of way : sheriff not a party.**
$\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of a section of land, at thirty-two dollars. The notice of condemnation was served on S. L. Dows, and no other person was in any way made a party. The Cedar Rapids, Iowa Falls & Northwestern Railway Company united with S. L. Dows in a notice of appeal as to the right of way over the said E. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$, and upon the return of the notice, a motion was made that said railway company be substituted as sole plaintiff, upon the ground that it was the owner *in fee* of the land. The motion was resisted upon the ground that the service of notice of the appeal was insufficient to give the court jurisdiction, and on the further ground that the award of thirty-two dollars was made an entirety on the two adjoining government sub-divisions of land, and an appeal could not be taken from a part of such award. The motion to dismiss was overruled, as to the first above named ground, and sustained as to the last.

We think the ruling of the court on the question as to the service of the notice was correct. It is urged by counsel for defendant that the motion to dismiss should have been sustained because the notice of appeal was served upon the defendant by the sheriff who conducted the proceedings. It is said that as one not a party cannot serve the notice, and as the law requires the notice to be served on the sheriff, he is a party, and we are cited to Code, § § 2601 and 1254. In answer to this objection, it is sufficient to say that the sheriff is in no sense a party to the proceeding. The law does not make him a party, and no liability attaches to him in any way.

The plaintiff claims that the court erroneously sustained that part of the motion which demanded a dismissal because

**2. ——: ——: no appeal from part of an award.**
the appeal was only from a part of an entire award. We think this ruling of the court should be sustained. The two tracts of land are contig-

uous, and the railroad runs through both of them, and the assessment was not made part upon one, and part upon the other. The assessment was made to one person supposed to be the owner. We think the proceeding cannot be divided upon appeal. The assessment was made upon the two tracts, presumably with reference to the manner in which they were affected by the whole line of road. Suppose, after the commissioners have assessed the damages to a farm, the owner should convey away one-half thereof and the grantee should attempt to appeal. His appeal could not be entertained, if for no other reason than that a determination of the damages to a part of the farm would not be the same question which was determined by the commisioners. In *C., R. I & P. R. R. v. Hurst*, 30 Iowa, 73, it was held that where damages for right of way for a railroad are assessed jointly to two persons as owners of the land, an appeal cannot be taken and prosecuted by one of them, without uniting the other therein or making him a party thereto by notice or otherwise. The difficulties in the way of entertaining an appeal like that apply with all their force to an appeal like this

Both parties have caused certain questions, in all the cases, to be certified to this court for an opinion. We do not deem it necessary to set out these questions. Our rulings will determine such of them as properly arise upon the record. Nothing more is necessary to be said in the first case. When it is determined that an appeal cannot be taken from part of an award of damages, that is the end of the case. It appears from the questions certified at the instance of plaintiff that Dows was the owner of both tracts at the commencement of the proceedings.

II. In the next case damages were assessed by the commissioners on certain land in which the proceedings were against Jay Cooke and E. M. Lewis, trustee, as owners, and upon notice served upon them. The Cedar Rapids, Iowa Falls & Northwestern Land and Town Lot Co. gave notice of appeal, and joined the names

3. ——: ——:
who may appeal.

of Cooke and Lewis as appellants. Upon the return of the notice it appeared that no one was authorized to make appearance for Cooke and Lewis, and the appeal was dismissed as to them.

The Land and Lot Company made its motion that it be allowed to be made a party to the proceedings and be substituted as sole appellant. As we understand the record in this case, it was claimed by the Town Lot and Land Company that it was the owner of the land, as appeared of record, when the proceedings to condemn the right of way were commenced. If so, we cannot see how it could be prejudiced by the condemnation. It was the owner of the land, and was in no way made a party to the proceedings. We do not hold that it could not have been made a party upon appeal by consent, but the defendant resisted its right to be heard, and if the defendant was content to take an adjudication against parties who had no interest in the land, and without notice to the actual and record owner, we cannot see that the owner has any cause of complaint. Its rights are in no way prejudiced by such a proceeding. See *Severin v. Cole*, 38 Iowa, 463; *Sawyer v. Landers & Son*, 56 Iowa, 422.

III. In the last case, damages were assessed for right of way over certain land in proceedings against said S. L. Dows, as the owner. Notice of the proceedings was served upon him, and the plaintiff herein was in no way made a party thereto. Notice of appeal was served the same as in the other cases, and the same motion to substitute was made, and the same motion to dismiss. In this case it was claimed that Dows never was the owner of the land, and that plaintiff was the owner of record when the proceedings were commenced. For the same reasons given in the case last discussed, the ruling of the court in dismissing the appeal must be sustained. The defendant in its motion to dismiss in this case claims that plaintiff "was not a party to the condemnation proceedings or assessment, and could take no appeal, but is a mere interloper herein, and the court has no jurisdiction to hear, try and de-

termine an appeal taken by a third party or stranger to the condemnation proceedings, assessment and award." In this we think appellee is correct.

This disposition of the cases renders it unnecessary that we should determine the motions filed by appellee. The rulings of the court will be affirmed on all the appeals. See *Connable v. C., M. & St. P. R. R.*, decided at the present term, *ante*, p. 27.

AFFIRMED.