Packard v. Beaver Valley Land and Mining Company.

CASE 40—PETITION EQUITY—DECEMBER 8.

# Packard v. Beaver Valley Land & Mining Co.

### APPEAL FROM FLOYD CIRCUIT COURT.

1. IN ORDER TO MAINTAIN AN ACTION TO QUIET TITLE the plaintiff must have both title and actual possession. But when by fraud or questionable contrivance or irregularity the title of the owner of land has been wrested from him and converted to the use of another, he may bring his suit to cancel the conveyance, whether or not he is in the actual possession of the land.

2. IN THIS ACTION TO CANCEL CERTAIN DEEDS, as it may be inferred from the allegations of the petition that by some fraud or device connected with the collection of taxes due on his land the plaintiff was wrongfully divested of title, and that in some way equally irregular and wrongful the State Auditor, for himself or the Commonwealth, became seized of title, or supposed he was, and conveyed the land to defendant's grantor, the court is disposed to treat the petition as sufficient, notwithstanding its indefinite disclosure of the grounds upon which the deeds are sought to be canceled, as it may not be in such cases the plaintiff could know the exact processes by which he was disseized.

3. TAX SALES—LIMITATION.—The provision of the act of May, 1880, known as the Auditor's Agent act, that no action for the recovery of real property sold for the non-payment of taxes shall lie unless the same be brought within five years after the sale, applies only to actions brought to recover land sold for taxes under that act.

4. PLEADING.—Pleadings and exhibits in an action to which plaintiff was not a party can not, by a reference to them in defendant's answer, be made to take the place of the necessary pleading in this action.

5. FORFEITURE OF LAND FOR FAILURE TO LIST FOR TAXATION.—A statute providing that for a mere failure for a certain length of time to list lands for taxation, the title shall be forfeited without inquiry or trial, is unconstitutional. Whether section 1 of article 16, chapter 92, General Statutes (old edition), was, when considered in connection with other clauses of the statute, unconstitutional on this ground, it is not necessary to determine.

6. FRAUD—LIMITATION.—An action to cancel a deed upon the ground of fraud or mistake is barred after the lapse of five years from the time the cause of action accrued, and while the cause of action is not deemed to have accrued until the discovery of the fraud or mistake, yet in no event can such an action be brought ten years after the act complained of.

Packard v. Beaver Valley Land and Mining Company.

The presumption in this case is that the plaintiff knew of the deeds sought to be canceled when they were executed and recorded in the clerk's office, but whether he did or not the action is barred, more than ten years having elapsed between their execution and the institution of the action.

W. S. HARKINS FOR APPELLANT.

Brief not in record.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

1. On charter and statutory prohibitions to corporations. (Weed v. Snow, 3 McLean, 265; Davis v. The Bank ot River Raisin, Myers' Fed. Decs B., sec. 30; Root v. Wallace, 4 McL., 9; Bank of Michigan v. Niles, 41 Am. Dec., 575; Mathew v. National Bank, 98 U. S., 621; Crocker v. Whitney, 71 N. Y., 161; Grand Rapids Bridge Co. v. Prange, 24 Am. Reports, 585, and cases cited in opinions quoted.)

2. On requisites for a bill to quiet title. (Fraley v. Peters, 12 Bush, 470; Scott v. Means, 80 Ky., 450; Armitage v. Wickliffe, 12 B. M., 495; Barker v. Warren, 6 Ky. Law Rep., 86; Holland v. Challen, 110 U. S., 15; Woodward v. Seely, 50 Am. Dec., 445, and notes by Freeman; Neavitt v. Gillespie, 26 Am. Dec., 696; Lyerly v. Wheeler, 59 Am. Dec., 596; Beard v. Smith, 6 Mon., 506; Adams v. McAllister, 2 Ky. Law Rep., 326; Toney v. Harris, Pr. Op.; Justice v. Clark, 1 Mon., 82, and cases cited in opinions quoted.)

3. Upon the forfeiture of plaintiff's title for failure to list for taxation. (Articles XVI and XVII of chap. 92, Gen. Stat., amendments of 1876, Acts of 1801 and 1825; Sharswood's Blackstone, vol. 2, 258; Finch's Law, 323, 325; 4 Stephens' Comm., 61; 3 Blackstone, 260; Bracton Legibus De Angliae, vol. 4, 181; Marshall v. McDaniel, 12 Bush, 380; Lathrop v. The Commercial Bank, 8 Dana, 121.)

4. On regularity of sale and validity of defendant's title. (Act of May 6, 1880; Holland v. Challen, 110 U. S., 15; Hoke v. Com., 79 Ky., 567; Quinlan v. Callihan, 81 Ky., 618; Graves v. Hayden, 2 Litt., 65; Hickman v. Skinner, 3 Mon., 211; Terry v. Blight, 3 Mon., 272; Blight v. Banks, 6 Mon., 207; Oldham v. Jones, 5 B. Mon., 462; Blackwell on Tax Titles, chapters 4, 5, 6, 7, 8, 9, 10, 11 and 12; Desty on Taxation; Gen. Stat., chapter 9, articles 8 and 9; Graves v. Hayden, 2 Littell, 64; Devlin on Deeds, sec. 629; Speer v. Evans, 47 Penn. St., 141; Barney v. McCarty, 15 Iowa, 510; Handley v. Howe, 22 Me., 660; Gen. Stat., chap. 24, sec. 33; Elliott v. Harris, Manuscript Opinion, Dec. 13, 1883.)

5. On statute of limitation. (Hunter v. Simrall, 5 Litt., 62; Letcher v. Crosby, 2 Mon., 107; McCrum v. Preston, 5 J. J. M., 334; Bohannon v. Pace, 6 Dana, 194; Clary v. Marshall, 5 B. M., 272; Wood on

Packard v. Beaver Valley Land and Mining Company.

Limitation, sec. 272; Eldridge v. Keel, 27 Iowa, 160; McCready v. Sexton, 29 Iowa, 356; Hearley v. Street, Ib, 429; Henderson v. Oliver, 28 Ib., 20; Douglas v. Tullock, 34 Iowa, 262; Thomas v. Stickle, 32 Iowa, 71; Steadman v. Planters' Bank, 7 Ark., 424; Merrick v. Hitt, 15 Ark., 331; Patrick v. Davis, Ib, 363; Briscoe v. Coulter, 18 Ark., 423; Veriden v. Bowers, 55 Miss., 1; Meeks v. Whatley, 48 Miss., 337; Laws of Miss., chap. 10; Revised Code of Miss., 1880; Vancleave v. Milliken, 13 Ind., 105; Edgerton v. Bird, 6 Wis., 512; Knox v. Cleveland, 13 Wis, 245; Sprecher v. Weakly, 11 Wis, 432; Lindsay v. Fay, 25 Wis., 460; Hill v. Krike, 11 Wis, 442; Dean v. Early, 15 Wis., 100; Whitney v. Marshall, 17 Wis., 180; Pillow v. Roberts, 13 How, 472.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant instituted this action in ordinary in the Floyd Circuit Court for the recovery of an undivided one-fourth interest in sixty-seven thousand acres of land, situated on the waters of Beaver Creek, in the counties of Floyd and Knott, and of which the appellee was alleged to be in the wrongful possession.

By an amended petition filed before answer, the plaintiff retracted the allegation that the defendant was in possession of the land and averred that it was wild and uninclosed land. He does not assert possession in himself, and in fact, the averments of his pleading preclude that state of case. He avers, however, that one Jas. H. Rice, by deed of January 8, 1883, attempted to convey the lands in controversy to the defendant, who is now by speech giving out that it is the owner of it; that on October 21, 1882, Fayette Hewitt, Auditor of the Commonwealth of Kentucky, undertook by a deed of conveyance to convey to Rice the title of plaintiff in and to the land in dispute, "upon an assessment of eighteen thousand seven hundred and fifty acres of land, listed in the name of the plaintiff for the year 1877, at the value of nine thou-

sand three hundred and seventy-five dollars, the taxes thereon amounting to forty dollars and twenty-five cents;" that he did not list eighteen thousand seven hundred and fifty acres of land, or authorize any one else to do so; that he had no notice of his land having been listed for taxation, and no demand was made of him for the same; that his land was not levied on or described in the alleged levy; that for these reasons the assessment, levy and sale by the sheriff were void and of no effect, and the State of Kentucky acquired no title or interest in the plaintiff's land by reason thereof; that this deed from Rice to the company was a cloud upon his title and greatly affected the enjoyment of his property. He prayed for its cancellation and that his title be quieted. To that end the case was transferred to the equity docket. There was demurrer to the petition, but as the plaintiff afterwards filed a demurrer to the answer, counter-claim and cross-petition of the company, it is proper to consider the plaintiff's case as set up in his own pleadings.

And first, can the plaintiff maintain his action without being in possession of the land?

The general rule, and one well settled in this State, is, that in order to maintain an action *quia timet* the plaintiff must have both title and actual possession. (Armitage v. Wickliffe, 12 B. M., 494; Campbell v. Disney, 93 Ky., 41.)

This action, however, is not one to quiet title. That relief is asked it is true, but only incidentally to the relief chiefly sought, which is to cancel the deed, alleged to be of record, of Rice to the defendant company. It can not be doubted that when by fraud or questionable contrivance or irregularity, the title

of the owner of land has been wrested from him and converted to the use of another, he may bring his suit to cancel the conveyance, and it is no obstacle to the obtention of relief that the plaintiff is not in the actual possession of the land. That fact does not make less real the cloud on his title, and prevent the value of his property from being affected by the obnoxious deed. In such a case courts of equity will afford relief, as otherwise a wrong would be remediless. To this effect are the cases of Herr, &c., v. Martin, 90 Ky., 379; National Bank Commerce, &c., v. Licking Valley Land and Mining Co., 15 Ky. L. R., 211; Kant v. Hall, Idem, 511.

A second and more serious objection to the petition presents itself when we examine the grounds upon which the plaintiff seeks the cancellation of the deeds. While the plaintiff's prayer seeks only to cancel the deed of Rice to the company, it is manifest that the body of his petition is aimed at the means by which Hewitt obtains his title, and when we look for Hewitt's derivation of title, we find the allegations of the pleader remarkably vague and uncertain. On October 2, 1882, one Fayette Hewitt, who is described as the Auditor of the Commonwealth of Kentucky, conveyed the land in dispute to Rice, "upon an assessment of eig⁻ teen thousand seven hundred and fifty acres," &c.

How does this explanation, if it be such, of Hewitt's conveyance to Rice, illustrate Hewitt's own title? From whom did he purchase? So far as the pleading goes, he may have done so from the plaintiff himself. It does not matter that the plaintiff, as alleged by him,

did not list his land for taxation, or that some levy on it or sale of it by the sheriff was void. Hewitt is not alleged to have had any connection with any levy or sale by any sheriff, nor is it anywhere alleged that there was, in fact, a sale of the land by the sheriff or other officer for taxes or otherwise, or that Hewitt bought it at any such sale. It is alleged that "the whole of said proceedings were and are void upon and under which the defendant claims title, * and that the State of Kentucky, by said alleged act, acquired no title to plaintiff's land; that the Auditor had no power or authority to sell the same or to make a deed of conveyance thereof; that he had no description of said land, nor of the excluded tracts. therefrom," &c.

In the main, these are mere conclusions of law, from which we may infer, rather than know, that by some fraud or device connected with the collection of taxes. due on his land, the plaintiff was wrongfully divested of title, and that in some way equally irregular and wrongful the Auditor, for himself or the Commonwealth, became seized of title, or supposed he was, and conveyed the land in October, 1882, to the purchaser, Rice. It may not be, in such cases, that a plaintiff could know the exact processes by which he was disseized, and we are, therefore, disposed to treat the petition as sufficient, notwithstanding its indefinite disclosure of the grounds upon which the deeds are sought to be canceled. For answer to the plaintiff's petition, the defendant says, first, that it is true it bought the plaintiff's land from Rice in 1883, who got it from the Auditor in 1882, and that more than

five years elapsed from the date of the deeds to the institution of this suit, and it therefore relies on the statutes of limitation in bar of the action.

In its second paragraph the defendant alleged that the plaintiff was a non-resident of this State, and though claiming to own the land in contest, failed for more than five years before the institution of this suit, and in fact for more than fifteen years before, to list it for taxation in the county of Floyd or Knott, or to furnish the county clerk of either of those counties with a written description of the land, verified by affidavit. That he never did list it, or pay or offer to pay any taxes thereon, and it pleads and relies on the plaintiff's said failure in bar of his action.

The other paragraphs are in the nature of a counter-claim and cross-petition, and will be noticed further along.

The statute relied on in the first paragraph is found in the act of May, 1880, known as the Auditor's Agent Act, and reads as follows:

"§ 16. No action for the recovery of real property sold for the non-payment of taxes shall lie, unless the same be brought within five years after the date of the sale thereof for taxes as aforesaid, anything in the statutes to the contrary notwithstanding," &c.

The action, which is barred under this statute, it is manifest, is one brought to recover land when there has been a sale of it under the provisions of the act of May, 1880. And there is nothing in the plaintiff's petition, and still less in the answer, which brings the case within the reach of this statute.

By reference to the case of National Bank of Com-

merce, &c., v. Beaver Valley, &c., Co. (the present appellee), then pending in the Floyd Circuit Court, it was intended, no doubt, to show the title of Hewitt and Rice to this land as one obtained under the act of 1880, and thus authorize the application of the limitation provided for in the section quoted above. But Packard was no party to that suit, and the pleadings and exhibits therein can not be taken in lieu of the necessary pleading in this action.

The failure of a non-resident to list his lands for taxation for the length of time set up in the second paragraph of the answer, worked a forfeiture of the land to the Commonwealth without any proceeding to declare the fact, under section 1, article 16, chapter 92, General Statutes, old edition. A law similar to this, however, was held unconstitutional and void in Marshall, &c., v. McDaniel, 12 Bush, 378, the court saying, through Chief Justice Lindsay: "We conclude without hesitation that so much of the act of 1825 as provided, that for a mere failure to list lands for taxation the title should be forfeited, and should *ipso facto*, without inquiry or trial, and without opportunity to the party supposed to be in default even to manifest his innocence, be vested in the Commonwealth, is unconstitutional and void." Whether there are other clauses of this statute, now long since repealed, which relieve it of its repugnant and self-executing features, we deem it unnecessary to determine. The defendant's title is not based on any forfeiture to the Commonwealth, and no such state of case is pleaded as would work a forfeiture of the plaintiff's lands.

But while the pleas of the defendant so far as they are founded on the particular statutes invoked are unavailing, the plea in the first paragraph is a general one, and avers the lapse of five years between the procurement of the deeds sought to be cancelled and the institution of the action. As we have seen, this is an action solely to cancel certain deeds procured by fraud or mistake. The limitation in such case is five years, though the cause of action is not deemed to have accrued until the discovery of the fraud or mistake, but in no event can such an action be brought ten years after the act complained of. (Sections 2 and 6, article 3, chapter 71, General Statutes.)

The presumption is that the plaintiff knew of these deeds when they were executed and recorded in the clerk's office, but whether he did or not, more than ten years have elapsed since their execution and the institution of his action.

By its counter-claim and cross-action the appellee alleges that it is the owner of the land in contest, claiming under the conveyance of Rice in 1883, and has erected improvements on the land, paid the taxes since the date of the deed, and made other and larger expenditures of money thereon ; that the plaintiff claims it also, as is shown by the petition, and it asks that its title be quieted. A demurrer was filed to the appellee's pleading, and upon its being overruled the plaintiff declined to plead further. The chancellor then dismissed the petition as amended, and entered judgment quieting the title of the company. From the conclusions we have reached during

the consideration of the pleadings, it is evident that no other judgment could have been rendered.

Even had the plaintiff presented his case more fully in his pleadings, and shown that he was divested of title by a fraudulent and irregular sale of his land by the sheriff for taxes under the provisions of the Auditor's Agent Act of 1880, as we infer was done from the old record of the Nat. Bk. of Com., &c. v. Beaver Valley L. & M. Co., above referred to, yet he would have been met by the limitation provided in that statute, and we can see no reason to prevent its application. His action, in any event, is barred by time.

The judgment is affirmed.