CLARA S. KRCMAR, Appellant, v. INDEPENDENT SCHOOL DISTRICT
OF CEDAR RAPIDS, Appellee.

**SCHOOLS AND SCHOOL DISTRICTS:** Eminent Domain—Appeal.
Failure to serve the county superintendent with notice of appeal
from an award in condemnation proceedings under Sec. 2815, Code,
1897, is fatal to the appeal.

*Appeal from Linn District Court.*—F. F. DAWLEY, Judge.

DECEMBER 13, 1921.

APPEAL from condemnation proceedings instituted by the
Independent School District of Cedar Rapids, Iowa, against
certain real estate of the plaintiff. Petition was dismissed on the
ground that the service of notice of appeal made upon the sheriff
of Linn County was not sufficient and conferred no jurisdiction
upon the district court to try said cause. Plaintiff appeals.—
*Affirmed.*

*Barnes, Chamberlain, Hanzlik & Thompson,* for appellant.

*Deacon, Good, Sargent & Spangler,* for appellee.

DE GRAFF, J.—Plaintiff Krcmar was the owner of certain
real estate situated in the city of Cedar Rapids, Iowa, and on the
5th day of April 1920 by proper legal proceedings and in con-
formity to Code Section 2815 as amended the defendant school
district condemned said real estate and the plaintiff was awarded
the sum of $7,500. On the 14th day of April 1920 plaintiff
served upon the secretary of the school board and the sheriff of
Linn County a notice of appeal to the district court. The appeal
involved the amount of the award only. On May 25, 1920 de-
fendant entered its special appearance and filed in said cause
a motion to dismiss on the ground that the appeal was defective
and not in conformity to statute. The motion was sustained by
the trial court and an appeal taken to this court from the judg-
ment entered.

But one issue is presented, to wit:   Did the service of the notice of appeal upon the Independent School District of Cedar Rapids, Iowa by acceptance through its secretary and upon the sheriff of Linn County, Iowa give the district court jurisdiction to try the appeal?

Aside from constitutional provision the right of appeal is created by statute. It is purely statutory in the instant case and consequently the language of the statute and the clear intendment as expressed therein must govern. The notice of appeal must be given in the method prescribed and in substantial compliance with the statute. It is an idle ceremony to serve such notice upon an unnecessary or formal party or upon one whose interests are not adversely affected by a judgment from which the appeal is taken. The functions and jurisdiction of a sheriff in relation to his county and state are essentially different from those of a county superintendent. A proceeding for the condemnation of land for school purposes is instituted before the county superintendent, not the sheriff; therefore, the statutory provision as to taking private property for school purposes is quite different from the taking of such property for internal improvements. In the latter case the proceeding is instituted before the sheriff. It was said in *Haggard v. Independent School District,* 113 Iowa 486:

"It would be absurd to serve the notice on the sheriff, when the sheriff has had nothing whatever to do with the matter, and equally absurd to give no notice to the county superintendent, when he is the officer before whom the proceedings have to be conducted."

Statutes governing appeals must be given a reasonable interpretation, and it would be unreasonable to hold that a notice of appeal served upon the sheriff is sufficient when the sheriff is not a party to the proceeding or in any way connected therewith or interested therein.

The trial court properly sustained the motion to dismiss. Wherefor the judgment entered is—*Affirmed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.