FRANK KOSTLAN, Appellant, v. JOHN MOWERY et al., Appellees.

No. 39547.

JUNE 24, 1929.

*M. W. Hyland* and *Frank L. Kostlan,* for appellant.

*Thomas & Thomas* and *William S. Anderson,* for appellees.

MORLING, J.—Plaintiff owns residence properties on the north side of Railroad Street, which is 60 feet in width, and runs east and west along the north side of the four main and side tracks of the Rock Island Railroad in Traer. The railroad tracks are three

or four feet higher than the sidewalk on Railroad Street. The street is not paved, but has been covered with cinders and slack. Several years after plaintiff's residences were constructed, defendant Mowery built a coal shed and crib, and established a coal business opposite them on the south side of the street. Mowery placed in the street, at or near the south line, weighing scales, under license from the town council. The ground east and west of the coal yard is used for unloading and storage purposes. South of the coal yards is a locomotive hydrant, for railroad locomotives. The station is a short distance to the west. To the southeast of plaintiff's property some 500 feet are the railroad stockyards. A short distance to the northeast, and in the same block, is an electric light plant, which uses coal for its boilers, the coal for which is unloaded east of defendant Mowery's coal yard. To the west of plaintiff's premises and in the same block is a public garage owned by plaintiff. To the north are garages, creamery, blacksmith shop, and implement shop.

The only evidence offered by plaintiff to show that the scales, coal sheds, and yard are a nuisance was the transcript of testimony taken in another case, which, as plaintiff claims, was one brought for the same relief. Plaintiff is here claiming trial *de novo,* but has not offered any evidence of the nature of the issues in the former case. He applied to one of the district judges for an order authorizing him to use such transcript in the trial of this case, stating that the former case was dismissed without prejudice because of default in filing argument. An order was made under date of February 1, 1928, to the effect that there was presented to the judge at chambers the application ''for authority to use a transcript of the testimony in case Number 14633 * * * of which this cause, Number 15360, is a retrial * * * It is hereby authorized that the plaintiff may use the transcript * * * all as by law provided.'' It does not appear that the application for this order was on notice to defendants, or that they had any knowledge of it, or appeared to it; and it is stated in argument, and not denied, that the order was *ex parte.* Trial was had in March, 1928. Manifestly, a judge at chambers, in the absence of the opposing party, who has no opportunity to make his objections, cannot make an effective ruling upon the admissibility of evidence to be offered on the trial in court. As will be noticed, the order merely purports to authorize plaintiff

"to use the transcript * * * as by law provided." But to entitle a party to introduce testimony taken in a previous case, it must be shown that the same issue was in both cases. His opponent must have had the opportunity of cross-examination on the identical issue on which the evidence is offered. Otherwise, the statements in such testimony would be the merest hearsay. *Emery & Co. v. American Ref. Tr. Co.*, 193 Iowa 93; 22 Corpus Juris 430. The court could not take judicial notice of its records in different proceedings. *Haaren v. Mould*, 144 Iowa 296; *Enix v. Miller*, 54 Iowa 551. While plaintiff claims that the issues are identical, there is no evidence on the subject. The case is triable here *de novo*. Plaintiff, therefore, has no competent evidence to sustain his allegations. We may say, however, that, after a perusal of plaintiff's evidence, we are of the opinion that, even though it were competent, he has no cause to complain of the conclusion of the district court.—*Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, KINDIG, and WAGNER, JJ., concur.