# Jones v. Bell.

May 23, 1947.

J. S. Sandusky, Judge.

J. M. Kennedy and Ben D. Smith for appellant.

C. C. Duncan and Parker Duncan for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This equity action was filed in the Wayne circuit court on April 20, 1944, by appellee, and plaintiff below, S. J. Bell, against appellant, and defendant below, James W. Jones, seeking to quiet the title of appellee to the oil and gas in place under 670 acres of land in Wayne County. It is alleged in appellee's petition that he was the absolute owner of all the minerals under his tract and that appellant is claiming to be the owner of the same minerals, thereby slandering his title thereto. The answer denied plaintiff's title to the contested minerals—claiming them as his—and sought a similar judgment in his favor. The court upon final submission sustained plaintiff's prayer and adjudged that he "is now and was at the time of the filing of this action the owner of the oil and gas in place" in the 670 acres tract of land and that the alleged title of the defendant, James W. Jones, "is spurious and cast a cloud upon the plaintiff's title to said oil and gas in place," to reverse which defendant prosecutes this appeal.

The undisputed facts out of which this litigation arose are: That a short while prior to the October 1904 term of the Wayne circuit court the then guardian of appellant (he then being an infant) filed an action in that court against his ward and the latter's mother, each of whom owned an undivided one-half interest in a larger tract of 1,000 acres, by which plaintiff sought the sale of such jointly owned tract, which the court finally adjudged and ordered its Master Commissioner to make the sale. This was done October 19, 1906, when the Kentucky Colonel Oil Company became the purchaser at the price of $8,000. The sale was reported by the Commissioner, which was confirmed, followed by the Commissioner's deed to the purchaser. That action will hereinafter be referred to as the "old suit." No part of that record is filed with and made a part of the instant case, except the report of sale by the Master Commissioner and the deed that he executed to the Kentucky Colonel Oil Company, which will be hereinafter referred to as "the company." In the Commissioner's deed there is this reservation:

"Excepting and reserving, however, from the lands above set out and described, to the plaintiff Sue A. Jones and the defendant James W. Jones, the royalty reserved to them as lessors *in the oil and gas lease* on

said land, now owned by the Kentucky Colonel Oil Company." (Our emphasis)

The royalty interest so reserved was created by a lease which appellant's mother, Sue A. Jones, and his guardian, C. J. Bohon, executed to W. J. Geary on February 28, 1903, whereby the lessee therein was given the right to explore and take from the tract of land that was sold, oil and gas for a period of one year "and as long thereafter as oil or gas, or either of them, is produced from said land by the party of the second part."

It will thus be seen that the only reservation contained in the Master Commissioner's deed to the company was the royalty that might accrue to the lessors under the Geary lease. Shortly after its execution Geary assigned and transferred that lease to the company, and it thereafter exercised the privileges conferred upon it by the lease and was doing so at the time the sale was made under the judgment rendered in the old suit, paying the royalty to the guardian of appellant, and his mother, until the latter died, after which the entire royalty was paid to appellant's guardian until he became of age, which was more than 30 years prior to the filing of the instant action, during which period he was a citizen of the state of Texas to which he immigrated after the Commissioner's sale in the old suit.

The company continued the operation of the lease until 1930 when it assigned its rights thereunder to one Daugherty who operated it for one year thereafter when the production became so small as to render it unprofitable. He then abandoned the lease and drew the casing from the wells that had been sunk and moved all his equipment off the tract, thus terminating all of the royalty rights that were reserved in the Master Commissioner's deed.

Neither appellant's mother, nor his guardian while he was an infant, nor he himself after arriving at adult age, listed for taxation or paid taxes on the oil and gas in place underlying the tract of land that the Commissioner sold, nor was any subsequent lease made by appellant for the extraction of such minerals at any time after the company obtained its deed from the Master Commissioner in the old suit, although plaintiff's former

guardian, C. J. Bohon, testified that he, for and on behalf of his former ward, made some attempts to negotiate a lease but without success.

In defendant's answer herein he alleged that the judgment in the old suit under which the Master Commissioner sold the property, as hereinbefore stated, reserved to appellant and his mother the *title* to the oil and gas in place under the sold tract, and, in substance, that the Master Commissioner in executing his deed by oversight or mistake limited the reservation in that judgment to only the *royalty interest* accruing from the Geary lease. To that defense appellee interposed the plea of nul tiel record as to the alleged reservation relied on by appellant, thus casting the burden on appellant to prove the allegedly adjudged reservation upon which he relied.

The only evidence by which that reservation could be proven by the one having the burden to establish it is to introduce, as a part of the record in this case, the original judgment in the old suit, or a certified copy of it to be relied on as evidence, or to file with the petition as an exhibit to be so relied on a certified copy thereof. No such course was pursued by appellant's counsel, a fact which they admit, but argue that the trial court was authorized to take judicial notice, at the trial of *this* case, of the entire record of the old suit. One answer to that contention is: that even if the trial court, from whose judgment this appeal is prosecuted, could take such judicial notice as contended for, it would not follow that this court, being an appellate one, possessed like authority, since we do not take judicial notice of the records of circuit courts in prior cases finally determined by them. However, the law seems to be well settled that *trial* courts do not take judicial notice of their own records in cases finally disposed of, and especially so when the parties, as well as questions involved, are different from those in the case on trial. The latest text authority supporting that proposition is found in 20 A. J. 104, 105, secs. 86 and 87. The first section says:

"It is well settled that a court will take judicial notice of its own records in the immediate case or proceeding before it * * *. It is unnecessary to offer evidence of a former trial and the verdict returned on such

trial, since a court judicially knows of all prior proceedings in the same case, although where, under a statute, the basis of a certain penalty is a former conviction of the same offense, the court will not take judicial notice of such conviction, but it must be alleged and proved.''

In the second section the text says:

''In the trial of a case before it, a court ordinarily will not, upon either its own motion or suggestion of counsel, take judicial notice of the records, judgments, and orders in other and different cases or proceedings, even though such cases or proceedings may be between the same parties and in relation to the same subject matter. In other words, a court in deciding one case, will not take judicial notice of what may appear from its own records in another and distinct case, unless made part of the case under consideration by the formal introduction of such records in evidence.''

That rule has been approved by this court in a number of cases, the latest of which is Maynard v. Allen, 276 Ky. 485, and on page 489, 124 S. W. 2d 765, 767, we said:

''* * * The rule in this jurisdiction is that in a case pending before it a court will take judicial notice of a record in the same court in a case involving the same parties and the same questions, but will not take judicial notice of records in other cases. Board of Education of Cumberland County v. Jones, 194 Ky. 603, 240 S. W. 65; Brashears v. Frazier, 110 S. W. 826, 33 Ky. Law Rep. 662; National Bank of Monticello v. Bryant, 13 Bush 419. This rule seems to be in accord with the weight of authority on the subject. John Deere Plow Co. v. Hershey, 287 Pa. 92, 134 A. 490; People v. McKinlay, 367 Ill. 504, 11 N. E. 2d 933; Atlas Land Corp. v. Norman, 116 Fla. 800, 156 So. 885; Kostlan v. Mowery, 208 Iowa 623, 226 N. W. 32; Dodrill v. State Bank, 35 N. M. 342, 297 P. 144; Schreier v. Veglahn, Sheriff, 56 S. D. 125, 227 N. W. 487; Robison v. Kelly, 69 Utah 376, 255 P. 430.''

If, however, the rule were different and the trial court in this case should have taken judicial notice of the reservation contained in the Master Commissioner's

deed executed by him to the company, then it would appear that the Master Commissioner, in executing that deed, made a mistake or was guilty of an oversight whereby he did not make the sale or execute his deed in accordance with the judgment of the court directing him to do so, and relief from which became barred after the expiration of ten years from the time the deed was approved by the court and delivered to the purchaser. This court so held in the cases of Woods v. James, 87 Ky. 511, 9 S. W. 513, 10 Ky. Law Rep. 531; Packard v. Beaver Valley Land & Mining Co., 96 Ky. 249, 28 S. W. 779, 16 Ky. Law Rep. 451; and Dwiggins v. Howard, 247 Ky. 746, 57 S. W. 2d 649. Our opinions in those cases (concerning the right of cancellation) were bottomed upon the express provisions of KRS section 413.-130, subsection (3).

In the cases of Johns v. Farley, 26 S. W. 807, 16 Ky. Law Rep. 117; Elam v. Haden, Ky., 51 S. W. 455; Vanover v. Justice, 174 Ky. 577, 192 S. W. 653, and Smith v. Graf, 259 Ky. 456, 82 S. W. 2d 461, we applied the same limitation as based on the same statute to actions for reformation of written instruments, including deed and leases. Plaintiff, and appellee, in his reply pleaded limitations against appellant's right to correct the Master Commissioner's deed notwithstanding that no such specific relief was sought by him.

It appears from the record that appellant became of age 30 or more years before this action was filed and before he sought relief against the mistake or oversight (if made) made by the Master Commissioner in his deed to the company during the entire period no effort was made to correct or cancel that deed on account of such oversight or mistake, and since it conveyed the absolute title to the land sold with the *sole* exemption of appellant's rights accruing from the Geary lease, such reserved rights ceased and became ineffective after it was terminated and no longer effective. The court, therefore, committed no error in adjudging that appellee was the owner of the entire tract of land he purchased from the company in 1914, including not only the surface, but the minerals in place thereunder.

Wherefore, for the reasons stated, the judgment is affirmed.