REX BALES et ux., appellees, v. IOWA STATE HIGHWAY COMMISSION and STATE OF IOWA et al., appellants.

No. 49326.

(Reported in 86 N.W.2d 244)

NOVEMBER 12, 1957.

Norman A. Erbe, Attorney General, C. J. Lyman, Special Assistant Attorney General, and Daniel T. Flores, General Counsel for the commission, both of Ames, and Oliver J. Reeve, of Waverly, for appellants.

R. W. Zastrow, of Charles City, and Blake & Holley, of Shell Rock, for appellees.

GARFIELD, J.—For convenience we disregard the fact the State of Iowa is named as a defendant. The Iowa State Highway Commission (herein called the commission) instituted a proceeding to condemn certain land in Bremer County for use in improving two primary highways. It filed its application with the sheriff and notice thereof was given the record titleholders. Commissioners appointed by the chief justice of this court assessed the damages to the property from which parts were taken at $4301.50 for which a joint award was made to the titleholders.

Within thirty days after the assessment of damages, plaintiffs, Rex Bales and his wife, and no one else gave the (highway) commission and sheriff written notice they had taken an appeal

to the district court from the assessment. The commission's original application above referred to names Rex Bales as the holder of a life estate in the property affected and also names: Art Eick, as executor of the estate of Eva U. Hupp, Juaneta Bales Drake, Hanna Marks Schallenberger and Open Bible Church of Indianola, Iowa. The application names the last three as owners, apparently of remainder interests. The respective spouses of Rex Bales, Mrs. Drake and Mrs. Schallenberger are also named.

After plaintiffs, Bales and wife, filed their petition on appeal in the district court the commission moved to dismiss it on the ground that, although it alleges they are the record titleholders of the land, Bales is in fact the holder of a life estate only, the remainder interests are owned by Mrs. Drake, Mrs. Schallenberger and Open Bible Church as the commission's original application states, they are all indispensable parties to the appeal and it could not be taken by Bales and wife alone, at least without giving the other owners notice of the appeal.

Attached to and made part of the commission's motion to dismiss is a copy of the probated will and codicil of Eva U. Hupp who presumably owned the land in her lifetime. The will gives Rex Bales a life estate in the property with remainder to Mrs. Drake and Mrs. Schallenberger. If either of these women predeceases testatrix the will leaves her share to Open Bible Church. It is conceded both Mrs. Drake and Mrs. Schallenberger survived Mrs. Hupp and the church has no interest in the property. Nothing is therefore claimed for the failure of the church to join in the appeal to the district court or for plaintiffs' failure to serve it with notice thereof. The will nominates Art Eick executor.

The trial court ordered that the commission's motion be sustained unless within twenty days all parties to whom damages were awarded by the commissioners (sheriff's jury) are served with notice and made parties of record.

Within the 20-day period plaintiffs amended their petition by alleging that Eick, executor of Eva U. Hupp, deceased, Mrs. Drake and husband, Mrs. Schallenberger and husband and Open Bible Church had an apparent interest in the proceeds of the property sought to be condemned but in fact they have no right, title or interest in the land or the proceeds awarded or to be

awarded, and plaintiffs, Bales and wife, are sole owners in fee simple of all the property sought to be condemned and are entitled to all the proceeds awarded or to be awarded in the condemnation.

Also within the 20-day period original notice of the filing of the petition as amended was served upon Eick, executor, Mrs. Drake, Mrs. Schallenberger and their respective husbands.

To the petition as amended the commission filed its motion to dismiss upon the grounds stated in its first motion to dismiss, above referred to, and upon the further ground in substance that the owners of the remainder interests must have joined in the appeal or been served with notice thereof within thirty days from the assessment of damages.

The trial court overruled the commission's motion to dismiss the petition as amended and, pursuant to rule 332, Rules of Civil Procedure, we granted an appeal from the ruling in advance of final judgment.

The statute prescribing the right of appeal to the district court from the commissioners' assessment of damages, section 472.18, Code, 1954, states: "Any party interested may, within thirty days after the assessment is made, appeal therefrom to the district court, by giving the adverse party, his agent or attorney, and the sheriff, written notice that such appeal has been taken."

It is true, as the commission says, there is no inherent or constitutional right of appeal. It is purely a creature of statute. The legislature has the power to grant or deny it. If an appeal is to be taken notice thereof must be given in substantial compliance with the statute. Krcmar v. Independent School District, 192 Iowa 734, 185 N.W. 485; Wissenburg v. Bradley, 209 Iowa 813, 821, 229 N.W. 205, 67 A. L. R. 1075, 1081, and citations. See also Thorson v. City of Des Moines, 194 Iowa 565, 188 N.W. 917; State ex rel. McPherson v. Rakey, 236 Iowa 876, 878, 20 N.W.2d 43, 44, and citations.

The trial court's ruling upon the commission's first motion to dismiss, before plaintiffs' petition was amended and original notice served upon additional parties, appears to be based upon our decision in The Chicago, R. I. & P. R. Co. v. Hurst, 30 Iowa 73, cited by both sides. There one of two owners of condemned property appealed to the district court from a joint assessment of

damages without joining the other owner or serving him with notice of appeal. The condemner moved to dismiss the appeal upon grounds similar to those urged by the commission here. Upon appeal to this court the principal question considered was the overruling of the motion to dismiss. We reversed and remanded the case to the district court with directions to sustain the motion to dismiss the appeal unless the nonappealing owner, by notice or otherwise, was made a party to the record.

The statute that governed the Hurst case, supra, section 1317, Revision of 1860, gave either party the right to appeal from the assessment of damages to the district court within thirty days thereafter, but apparently did not prescribe upon whom notice of appeal must be served.

Cedar Rapids, I. F. & N. W. Ry. Co. v. Chicago, M. & St. P. Ry. Co., 60 Iowa 35, 37, 14 N.W. 76, 77, says of the Hurst decision, supra, "it was held that where damages * * * are assessed jointly to two persons as owners of the land, an appeal cannot be taken and prosecuted by one of them, without uniting the other therein or making him a party thereto by notice or otherwise."

Code section 472.18, quoted above, authorizes "any party interested" to appeal "by giving the adverse party" notice thereof. It is not contended plaintiff Bales is not an interested party. Clearly he is. The effect of the commission's argument is that Mrs. Drake and Mrs. Schallenberger are adverse parties upon whom notice of appeal must have been served within thirty days after the assessment was made.

We find it unnecessary to determine whether Mrs. Drake and Mrs. Schallenberger would be adverse parties in the sense here used if plaintiffs were not to be treated as sole owners in fee simple of the land in question, entitled to all the damages from the condemnation, as their amended petition alleges. (Plaintiffs' original petition also alleges they are the record title owners of the realty.) Decisions dealing with like questions are discussed in annotation 88 A. L. R. 419, entitled "Who is adverse party within statute providing for service of notice of appeal on adverse party." Annotated Cases 1914D 1139 contains a note on appeals in eminent domain proceedings.

We are clear that for purposes of this appeal we must as-

sume plaintiffs are sole owners of the land, entitled to all the damages to be awarded. Under these circumstances we hold Mrs. Drake and Mrs. Schallenberger, as well as the executor of Mrs. Hupp's estate, are not adverse parties upon whom plaintiffs were required, within the 30-day period for taking an appeal to the district court, to serve notice thereof.

■ Under our procedure a motion to dismiss serves the function of a demurrer which, together with technical forms of pleading, is abolished by rule 67, Rules of Civil Procedure. Rule 104(b), R. C. P.; Betz v. City of Sioux City, 239 Iowa 95, 104, 30 N.W.2d 778, 782. Like the old demurrer a motion to dismiss admits the well-pleaded facts in the pleading assailed for the purpose of testing their legal sufficiency. Gates v. City of Bloomfield, 243 Iowa 671, 674, 53 N.W.2d 279, 280; Myers v. Smith, 235 Iowa 385, 389, 16 N.W.2d 628, 631, 155 A. L. R. 1413, 1416; In re Estate of Ferris, 234 Iowa 960, 966, 14 N.W.2d 889, 893, and citations; 71 C. J. S., Pleading, section 451b(2), page 906; 41 Am. Jur., Pleading, section 332.

■ In both its motions to dismiss plaintiffs' petition the commission has sought to controvert plaintiffs' allegations of ownership of the land in question and right to all the condemnation award by setting up claimed facts not alleged in the petition. As previously stated Mrs. Hupp's will and codicil, alleged to have been probated, are made part of each motion and we are asked to consider their provisions upon this appeal. In effect the commission contends the will measures the rights of the parties to the land in question. We are agreed the motion to dismiss may not be supported by allegations of fact not found in the amended petition.

When demurrers were permitted a demurrer grounded on claimed facts not alleged in the pleading attacked was designated a "speaking" demurrer and the courts disregarded such averments. To the extent a motion to dismiss offends in the manner of a "speaking" demurrer it must also be disregarded. Betz v. City of Sioux City, supra, 239 Iowa 95, 103, 104, 30 N.W.2d 778, 782; Johanik v. Des Moines Drug Co., 235 Iowa 679, 681, 17 N.W.2d 385, 387, and citations; In re Estate of Ferris, supra, 234 Iowa 960, 966–968, 14 N.W.2d 889, 893, 894, and citations.

See also Newton v. Grundy Center, 246 Iowa 916, 919, 70 N.W.2d 162, 164; 71 C. J. S., Pleading, section 256; 41 Am. Jur., Pleading, section 209.

■ Perhaps the commission felt that because its motions alleged Mrs. Hupp's will had been probated in Bremer County the court would take judicial notice of its provisions. It is true that matters of which the court may take judicial notice may be considered in ruling on a demurrer or, under our practice, a motion to dismiss. 71 C. J. S., Pleading, section 256a, pages 493, 494. But the motions to dismiss cannot be sustained on this theory.

The probate of Mrs. Hupp's will was a different proceeding from the condemnation appeal. It is fairly well settled that judicial notice will not be taken of the records of the same court in a different proceeding. Haaren v. Mould, 144 Iowa 296, 301, 122 N.W. 921, 24 L. R. A., N. S., 404, and citations; Kostlan v. Mowery, 208 Iowa 623, 625, 226 N.W. 32; Perry v. Reeder, 235 Iowa 532, 535–537, 17 N.W.2d 98, 99, 100; 31 C. J. S., Evidence, section 50c, page 623; 20 Am. Jur., Evidence, section 87.

■ As previously explained it is conceded, as it was in the trial court, the Open Bible Church has no interest in the land and therefore nothing is claimed for its failure to join in the appeal or be served with notice thereof. Plaintiffs' amended petition in substance alleges Mrs. Drake, Mrs. Schallenberger and the executor of Mrs. Hupp's will have no more interest in the land, nor right to the damages assessed, than the church has. These allegations must be considered admitted by the motions to dismiss for the purpose of testing their legal sufficiency. Under this record failure of Mrs. Drake, Mrs. Schallenberger and the executor to join in the appeal or be served with notice thereof is no more fatal to plaintiffs' appeal than is a like failure as to the church.

■ The test usually applied in determining whether one is an adverse party who must be given notice of appeal is whether he will be prejudiced or adversely affected by a reversal or modification of the judgment appealed from. In re Assignment of Lounsberry, 208 Iowa 596, 603, 226 N.W. 140, and citations; In re Estate of Shumaker, 234 Iowa 195, 197, 12 N.W.2d 207, 209, and citations; Annotation 88 A. L. R. 419, 420.

Applying this test here under the procedural situation that exists, Mrs. Drake, Mrs. Schallenberger and the executor cannot be deemed adverse parties. If, as stands admitted for present purposes, they have no interest in the land or the award, they will not be prejudiced or adversely affected by the judgment which may be entered in the appeal.—Affirmed.

All JUSTICES concur.