Charles Thomas STALKER and
Lori Stalker, Appellants,

v.

IOWA DEPARTMENT OF TRANSPOR-
TATION, Acting For and On Behalf of
the STATE OF IOWA, City of Mason
City, and Cerro Gordo County, Iowa,
Appellees.

No. 91–524.

Supreme Court of Iowa.

April 15, 1992.

Mark A. Young of Pappajohn, Shriver, Eide & Nichols, P.C., Mason City, for appellants.

Bonnie J. Campbell, Atty. Gen., David A. Ferree, Sp. Asst. Atty. Gen., and Carolyn J. Olson, Asst. Atty. Gen., for appellees.

Considered by HARRIS, P.J., and LARSON, LAVORATO, NEUMAN and SNELL, JJ.

LAVORATO, Justice.

In this case, Charles Thomas Stalker and Lori Stalker, husband and wife, ask us to reverse the district court's dismissal of their appeal in an eminent domain proceeding for insufficient notice. The court ruled its jurisdiction had not been properly invoked because the Stalkers failed to serve notice of the appeal on their contract vendor within thirty days of the appraisement notice as required by statute. *See* Iowa Code § 472.18 (1989).

Because we disagree with the district court's determination, we reverse.

Charles Thomas Stalker purchased a parcel of land in Cerro Gordo county on contract from Larison Oil Company. Larison Oil Company in turn conveyed its interest in the real estate to Gary L. Larison and Marilyn J. Larison, husband and wife.

Several years later, the Iowa Department of Transportation condemned a portion of this real estate under Iowa Code chapter 472 for the expansion of U.S. Highway 18. The compensation commission appraised the damages at $30,912 and issued a joint award. *See* Iowa Code § 472.4. (Because the Larisons held legal title to the land and the Stalkers held equitable title to the land, the award was issued to both.)

The Cerro Gordo county sheriff served notice of the appraisement of damages and the time for appeal to the parties named in the condemnation notice on November 1, 1990. The notice named the Stalkers and the Larisons. The notice also named the city of Mason City and Cerro Gordo county.

The Stalkers were unhappy with the appraisement, so they decided to appeal. They filed a notice of appeal with the district court on November 26, 1990. They filed their petition on December 4, 1990.

The Larisons, who reside in Florida, were not named as defendants in this appeal. The Stalkers apparently thought this was unnecessary. This was because the Larisons and the Stalkers had mutually agreed that the Larisons were not entitled to any proceeds of the condemnation proceeding.

The department answered on December 21, 1990. In its answer, the department asserted lack of subject matter jurisdiction. This was because of the Stalkers' failure to serve the Larisons who, the department claimed, were adverse parties under section 472.18.

Later, the department filed a motion to dismiss which the district court sustained for lack of jurisdiction. The Stalkers then appealed to this court.

I. The procedural requirements for appeal of an appraisement by the condemnation commission are found at section 472.18. Section 472.18 states in pertinent part:

[A]ny interested party may, within thirty days from the date of mailing the notice of the appraisement of damages, appeal to the district court. *At the time of appeal, the appellant shall give written notice that the appeal has been taken to the adverse party, or the adverse party's agent or attorney, lienholders, and the sheriff.*

(Emphasis added.)

It is undisputed that the department, the city of Mason City, and Cerro Gordo county were timely served under section 472.18. But the department contends that the Larisons—as contract vendors—are adverse parties under that section and should have been served. The Stalkers contend here—as they did in the district court—that they are not adverse parties within the meaning of the statute.

In appeals to an appellate court, a party who would be adversely affected by a reversal or modification of the judgment is an adverse party for purposes of appeal. Notice must therefore be served on that party to give the appellate court jurisdiction. The reason for the rule is that an

appellate court may not take away anything from one over whom it has not acquired jurisdiction. *In re Shumaker's Estate*, 234 Iowa 195, 197, 12 N.W.2d 207, 209 (1943).

 Conversely, failure to serve notice of appeal upon parties who would not be adversely affected by a change in the decision appealed from does not deprive the appellate court of jurisdiction. *Id.* Coparties must be served with notice of appeal if they would be prejudiced by a change in the judgment being appealed. *Id.* The burden rests on the appellant to show that unserved parties would not be adversely affected by a reversal or modification of the judgment. *Id.*

 These same rules apply to condemnation appeals to the district court. *See Bales v. Iowa State Highway Comm'n*, 249 Iowa 57, 63, 86 N.W.2d 244, 248 (1957).

 Here the Stalkers, who were the appellants in district court, conclusively established that their contract vendors, the Larisons, would not be adversely affected by any change in the condemnation award. In an affidavit, Gary L. Larison said this:

> That during the course of my discussions with the Stalkers, it was agreed that the Stalkers would proceed to the condemnation proceedings not only on their behalf but also on behalf of my wife and myself.
>
> That after November 1, 1990, I received notice from the sheriff of Cerro Gordo county, Iowa, regarding the appraisement of damages as assessed by the condemnation commission. That I had numerous contacts after receipt of said notice with the Stalkers and encouraged the Stalkers to appeal the decision of the condemnation commission based on our prior agreement.
>
> *That I was aware of my rights to the joint award made by the condemnation commission, and waived any rights which I had to said award, due to my agreement with the Stalkers....*

(Emphasis added.) Clearly, the Larisons waived any rights to the condemnation award. In these circumstances, if the award in district court turns out to be less, the Larisons lose nothing. The district court would be taking nothing away from the Larisons because of a reduced award.

II. On the effect of the Larisons' waiver, the district court relied on *Carmichael v. Iowa State Highway Commission*, 156 N.W.2d 332, 334 (Iowa 1968), which reached a result opposite to the result here. At first blush, *Carmichael* seems to be on all fours with this case. (In *Carmichael*, the party not served was a mortgagee rather than a contract vendor. This makes no difference because a contract vendor is an adverse party under section 472.18. *See Griffel v. Northern Natural Gas Co.*, 257 Iowa 1140, 1145, 136 N.W.2d 265, 268 (1965).) But, on closer examination, we think *Carmichael* is distinguishable.

In *Carmichael*, the landowners filed a paper designated "Disclaimer of Interest" executed by the mortgagee. In it, the mortgagee disclaimed any interest in or title to that portion of the premises condemned. The disclaimer was undated and was filed thirty-three months after the condemnation award. *Carmichael*, 156 N.W.2d at 334, 337. The district court denied the condemnor's motion to dismiss the landowners' appeal and reached the merits. This court reversed, holding that the disclaimer would have the effect of extending the time in which an appeal may be taken. Following a long line of cases, this court continued to recognize that jurisdiction of the district court in condemnation proceedings could only be invoked by following the statutory procedures and that consent could not confer such jurisdiction. This court viewed the disclaimer as an attempt to confer jurisdiction by consent. *Id.* at 337–38.

Here it appears that the Larisons *waived* their interest in the condemnation award *before* the appeal. A close reading of the Larison affidavit suggests such an interpretation.

In contrast, it appears the "Disclaimer of Interest" in *Carmichael* was not given until *after* the appeal. At least there was no showing that the disclaimer was given be-

fore the appeal. And the fact that the disclaimer was undated and filed long after the appeal suggests it was not executed until afterwards. So the mortgagee was an adverse party at the time the appeal was filed. From this, the court reasoned that the landowners were attempting to establish jurisdiction by consent.

Because the Larisons waived any rights to the condemnation award before the appeal, they had no interest that could be adversely affected by the appeal. So in contrast to the mortgagee in *Carmichael*, the Larisons were not adverse parties "at the time of appeal." Iowa Code § 472.18. The Larison affidavit cannot be viewed as an attempt to confer jurisdiction by consent because the Larisons had already waived their interest in the award. By following the statutory procedure in all other respects, the Stalkers properly invoked the jurisdiction of the district court.

III. We now hold that a party who waives all interest in a condemnation award before a condemnation appeal is not an adverse party for purposes of section 472.18. So a failure to give notice to such a party does not deprive the district court of jurisdiction.

Because of our holding, we must reverse the decision of the district court and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.