**IN THE COURT OF APPEALS OF IOWA**

No. 24-1233
Filed May 21, 2025

**IN RE THE GUARDIANSHIP OF A.W. and A.W.,**

**M.Z.,**
 Appellant.
_____

 Appeal from the Iowa District Court for Wright County, Hans Becker, Judge.


 A petitioner appeals the juvenile court's dismissal of her petition to establish an involuntary guardianship over two minor children. **APPEAL DISMISSED.**


 Cameron M. Sprecher of Sprecher Law Office, Mason City, for appellant.


 Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**SANDY, Judge.**

A petitioner, M.Z., appeals the juvenile court's dismissal of her petition to establish an involuntary guardianship over two minor children. M.Z. argues the juvenile court's dismissal was predicated on an incorrect interpretation of Iowa Code section 232D.301(1) (2024).

The juvenile court dismissed M.Z.'s petition sua sponte less than one week after it was filed. Following the petition's prompt dismissal, M.Z. "halted [the] process" of preparing service upon the minors and minors' known parents. M.Z. then appealed the juvenile court's dismissal order. Upon our request for explanation, M.Z. confirmed through her counsel that the minors and minors' known parents have never since been served. Despite the minors and minors' known parents never having been served pursuant to Iowa Code section 232D.302, M.Z. failed to "ensure that all required service [upon appeal was] accomplished pursuant to Iowa Rules of Electronic Procedure 16.315 and 16.319(1)(c)." Iowa R. App. P. 6.702 (requiring the appellant to ensure that all other parties to the appeal be served with documents filed with the clerk of the supreme court). M.Z. also confirmed in her counsel's response to our request that the other parties to this appeal were never served with notice of the appeal.

Lack of notice "goes to the heart of the district court's jurisdiction." *In re S.P.*, 672 N.W.2d 842, 845 (Iowa 2003). Failure to serve an adverse party deprives our court of jurisdiction over an appeal because "an appellate court may not take away anything from one over whom it has not acquired jurisdiction." *Stalker v. Iowa Dep't of Transp.*, 483 N.W.2d 331, 332–33 (Iowa 1992). Because M.Z. failed to serve the minors and minors' known parents pursuant to Iowa Code

Section 232D.302 and Iowa Rule of Appellate Procedure 6.702, our court lacks jurisdiction to hear this appeal. Accordingly, we dismiss this appeal.

**APPEAL DISMISSED.**