# McFeena's Admr. v. Paris Home Telephone & Telegraph Company.

(Decided January 25, 1921.)

## Appeal from Bourbon Circuit Court.

1. Pleading—Judicial Notice.—Facts of which the court is required to take judicial notice need not be stated in the petition, and a

general demurrer will be sustained to a pleading if when the facts of which the court will take judicial notice is read into the petition, it presents no cause of action.

2.   Courts—Judicial Notice of Acts of Congress.—A court will take judicial notice of the acts of Congress and proclamation of the President of the United States.

3.   Master and Servant—Governmental Control and Operation.—An action cannot be maintained against a telephone company by one injured through negligence of the employees of the government while the government was in control of the telephone company's system and lines.

JOHN J. WILLIAMS, for appellant.

DENNIS DUNDON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The petition in this case avers that Anna McFeena lost her life on July 9, 1919, through the negligence of the Paris Home Telephone and Telegraph Company, and prays judgment against that corporation for $15,000.00 damages.

A general demurrer was sustained by the trial court to the petition for the reason that the telephone company was at the time of the accident to and death of Mrs. McFeena, in the possession and under the direction and control of the United States government through its Postmaster General.

The petition made no mention of government control of the telephone company, but contained only the usual and necessary averments of negligence to constitute a cause of action in favor of the administrator against the telephone company in the absence of government control. The trial court accepting the view that it should take judicial knowledge of the joint resolution of Congress of July 16, 1918, authorizing the President of the United States to take over and operate any and all lines and systems of telegraph and telephone in this country, as well as of the proclamation of the President putting that resolution into effect, and actually taking over all such lines and systems on July 22, of the same year, held the petition bad on general demurrer, in the absence of an averment in it showing government control, or plea presenting such facts. Of this order, and judgment following dismissing the petition the appellant complains on this appeal.

The joint resolution of Congress under which the government assumed control and management of the telephone and telegraph lines, reads as follows:

"That the President during the continuance of the present war is authorized and empowered, whenever he shall deem it necessary for the national security or defense, to supervise or to take possession and assume control of any telegraph, telephone, marine cable, or radio system or systems, or any part thereof, and to operate the same in such manner as may be needful or desirable for the duration of the war, which supervision, possession, control, or operation shall not extend beyond the date of the proclamation by the President of the exchange of ratifications of the treaty of peace: Provided, that just compensation shall be made for such supervision, possession, control, or operation, to be determined by the President; and if the amount thereof, so determined by the President, is unsatisfactory to the person entitled to recieve the same, such person shall be paid seventy-five per centum of the amount so determined by the President and shall be entitled to sue the United States to recover such further sum as, added to seventy-five per centum, will make up such amount as will be just compensation therefor, in the manner provided for by section twenty-four, paragraph twenty, and section one hundred and forty-five of the Judicial Code: Provided further, that nothing in this act shall be construed to amend, repeal, impair, or affect existing laws or powers of the states in relation to taxation or the lawful police regulations of the several states, except wherein such laws, powers, or regulations may affect the transmission of government communications, or the issue of stocks and bonds by system or systems. . . ."

The proclamation of the President of the United States, issued in taking over the telephone and telegraph lines and systems, in so far as it affects this litigation, is as follows:

" . . . Now, therefore I, Woodrow Wilson, President of the United States, under and by virtue of the powers vested in me by the foregoing resolution, and by virtue of all other powers thereto me enabling, do hereby take possession and assume control and supervision of each and every telegraph and telephone system, and every part thereof, within the jurisdiction of the United

States, including all equipment thereof and appurtenances thereto whatsoever and all materials and supplies.

"By subsequent order of said Postmaster General, supervision, possession, control, or operation, may be relinquished in whole or in part to the owners thereof of any telegraph or telephone system or any part thereof, supervision, possession, control or operation of which is hereby assumed or which may be subsequently assumed in whole or in part hereunder.

"From and after twelve o'clock midnight on the 31st day of July, 1918, all telegraph and telephone systems included in this order and proclamation shall conclusively be deemed within the possession and control and under the supervision of said Postmaster General without further act or notice."

It is the contention of the appellant that as one section of the President's proclamation left to the Postmaster General the power and right to relinquish in whole or in part, said lines and systems to the owners thereof at any time, the presumption, in the absence of an averment to the contrary, is and should be that the lines and systems of the appellee company had been released from government control before the injury and death of appellant's decedent; that government control was and is a matter of defense which the telephone company should have presented by plea. Where the want of jurisdiction is apparent on the face of the petition, it may be taken advantage of by demurrer and no plea in abatement is necessary. 21 R. C. L. 521.

The recognized rule is, that a general demurrer to a pleading will be sustained if the pleading fails to aver facts sufficient to constitute a cause of action or defense, and this is our Civil Code provision, section 93.

In Newman's work on Pleading and Practice, section 368, it is said that a petition is demurrable if it appears on its face: (1) "That the court has no jurisdiction of the defendant or of the subject of the action; or, (2) that the plaintiff has not legal capacity to sue; or (3) that another action is pending in the state between the same parties for the same cause; or (4) that there is a defect of parties plaintiff or defendant; or (5) that the petition does not state facts sufficient to constitute a cause of action." To render a petition subject to demurrer for any of these grounds, *the defect must appear upon the face of the pleading.* Exceptions to this rule are matters

of which the court will take judicial notice. Such facts need not be stated in the pleading. A court will take judicial notice of all facts affecting the public at large and which should be known by the generality of the people of the state; this includes general statutes passed by the legislature of our state, laws of nations, laws of the United States, and proclamations of the President of the United States. Mitchell, By, &c. v. Cumberland Telephone & Telegraph Company, et al., 188 Ky. 263; Hines, Director General of Railroads v. Laurendien, 84 Southern 780. This being true it was unnecessary for the plaintiff in order for the demurrer to have effect to have alleged in his petition the facts with respect to the joint resolution and the proclamation of the President taking over the telephone and telegraph companies, for these were matters of which the court was required to and did take judicial notice. If the facts of which the court was required to take judicial knowledge, when read into and considered a part of the petition, rendered it bad by showing that the plaintiff had and could maintain no action against the defendant company, the demurrer was properly sustained.

The joint resolution of Congress failed to provide for suits or actions at law against the telephone or telegraph companies, while under government supervision, and no such action can or could be maintained. All telegraph and telephone lines and systems were taken over with power to the Postmaster General to relinquish any of such lines or systems at any time he thought proper. The President's proclamation was the final word which placed all the lines and systems under government supervision, and prevented actions or proceedings at law against any such company during government control.

All such lines and systems were on July 22, 1918, under the Presidential proclamation, and before the happening of the accident to Mrs. McFeena, in possession and under the direction, control and supervision of the United States government for the duration of the war, unless sooner released by the Postmaster General. Peace has not been declared and there was no act of Congress, proclamation of the President or act of the Postmaster General of which the court could take judicial notice, relinquishing control of the appellee company, and the presumption must be indulged that the appellee com-

pany's lines and system were not in its possession and control at the time of the injury to and death of appellant's decedent, but were at that time in the possession and control, and under the direction and supervision of the United States government, which facts when read into and considered a part ,of the petition, make it plain plaintiff had no valid cause of action against the appellee company.

So considered it was incumbent upon the plaintiff in stating his cause of action to plead such facts as would show his right to maintain the action, and this could have been done in this case by showing that the appellee company had been released by the Postmaster General from government supervision, if it were a fact. Otherwise the presumption that all such lines and systems were under government control continued.

This and other courts have held in numerous cases that no action could be maintained for damages against a telephone or telegraph company for a tort committed while their properties were in the possession and under the control and supervision of the United States government.

The case of Mitchell v. Cumberland Telephone & Telegraph Co., reported in 188 Ky. 263, was such a case and we said:

"As said in the cases, *supra,* if suits of this kind could be maintained under the circumstances, then indeed could property be taken without *any* process of law, since the only pretended claim to it would be that the defendant owned the property which was being operated at the time of the happening of the injury sued for, although it was then entirely out of his control and was taken without his consent. The fact that the plaintiff might be remediless because there was no provision for any suit against the United States (although regrettable) cannot strengthen his case. Numerous instances exist in this state where there are no remedies furnished for similar injuries. No county can be sued for negligence in the maintenance of its public roads; nor can a municipality, however negligent, be made to respond in damages for injuries inflicted while exercising a governmental function. In neither of those cases are there as potent reasons for withholding liability as exist in this case.

"The case of Witherspoon & Sons v. Postal Telegraph & Cable Co., 257 Fed. Rep. 758 (decided by the United States District Court for the Eastern District of Louisiana), relied on by appellant, is the only one announcing the contrary view, and it is expressly discarded by some of the cases, *supra,* and was decided before the opinion of the Supreme Court was rendered in the Dakota case. We do not therefore regard it as authority."

It follows that the trial court correctly held the petition insufficient on demurrer and dismissed the action.

Judgment affirmed.