## Harrod, et al. v. Hoover.

(Decided May 19, 1925.)

### Appeal from Franklin Circuit Court.

Schools and School Districts—Present County Board of Education Held Unauthorized to Appoint County Superintendent Taking Office in 1926.—Under Acts 1920, chapter 36, section 10, Acts 1922, chapter 39, and Acts 1924, chapter 52, section 3, county board of education elected in November, 1925, and which takes office on first Monday in January, 1926, should appoint county superintendent who takes office July 1, 1926, for term not exceeding four years, and present board, whose term expires January, 1926, has no power to appoint such superintendent.

JOHN D. CARROLL and JOHN S. CARROLL for appellants.

GUY H. BRIGGS for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This is a proceeding under the declaratory judgment act, seeking a construction of section 10 of chapter 36 of the Acts of 1920, now section 4399a-10, Kentucky Statutes, creating the county board of education, prescribing its duties and providing for the election by the county board of education of a county superintendent of schools, as amended by section 3 chapter 52 of the Acts of 1924, relating to the appointment and removal of teachers, principals and other employes of the county board of education, the object being to determine from the two acts whether the present county board of education has power to elect the county superintendent whose term of office begins in 1926, or whether the county board of education, which is elected in November next, as provided by the Acts of 1924, and who take office on the first Monday in January, 1926, have power to elect the county superintendent with whom they are to serve. The Acts of 1922 make no reference to the election of the county superintendent, but chapter 39, page 149, of the acts of that session provide for a subdivision of the county into five districts from each of which districts one member of the county board of education is required to be and was in fact elected in November, 1923, it being provided, "The county board of education of each county of this Commonwealth, after such counties have been laid off into five divisions as herein directed, shall be elected every two years by the qualified voters of such division, each division being entitled to elect one member as herein provided. The first election under this act shall be held, at the regular November election, 1923, and the members so elected shall qualify and assume the duties of office on the first Monday in January, 1924."

Assuming office on the first Monday in January, 1924, for a term of two years, their terms expire on the first Monday in January, 1926. The Acts of 1924 provide, "The county board of education elected in November, 1925, shall hold its first meeting on the first Monday in January, 1926, and at said meeting shall organize by electing one of its members to serve as chairman and one as vice chairman, after which the members shall by lot determine the length of the term of each member, two of whom shall serve for two years, and three for four years.

The regular term of members elected thereafter shall be four years, and there shall, in the alternate year after 1925, be elections of county board members in all school election divisions the term of whose members is closing.'' This act repeals parts of the acts of 1920 and of 1922, and re-enacts in lieu thereof that portion relating to the elgibility of persons for membership on the board of education, time, place and manner of the election, the duties of the county clerk with respect to ballots, for holding such elections, the filling of vacancies on the board, the term of office of the board, making the county superintendent the executive officer and secretary of the county board and the election by the board of teachers in the subdistricts, and teachers, principals and other employes of the county board generally, reading in part:

"Teachers, principals and other employes may be appointed by the county board of education for any school year at any time after the first day of April, next preceding the beginning of the school year; but no employes may be appointed for a longer term than one school year except county superintendent and treasurer of the county board of education, and neither of these shall be appointed for a term of more than four school years."

The lower court held that the present board of education whose term of office expires on the first Monday in January next, has no power to elect the superintendent whose term of office begins in 1926, on the theory that the old board should not be permitted to thrust upon the new board a county superintendent who is to act as the new board's chief executive officer and secretary, whether he be acceptable to that board or not. In making this ruling it appears that the trial court relied upon the principles announced in Terry v. Cornett, 136 Ky. 628, where we said:

"We can well understand that there might be good reasons presented against the practice of making an appointment to fill a vacancy that would occur at a distant date, and have no doubt that it would be very objectionable to allow an official to make an appointment to take effect in the future when the vacancy to fill which the appointment was made would occur in the term of a succeeding official. To uphold the validity of such an appointment would

oftentimes enable an official to take from his successor a part of the rightful powers and emoluments of his office, and surround him with offensive appointees not in harmony with his methods or in sympathy with his purposes. Upon grounds of public policy an official charged with the responsibility of administering the affairs of his office should have the right, in the absence of a statute to the contrary, to select persons to fill vacancies occurring during his term that the law authorized him to make appointments for.''

For appellant, Harrod, it is contended that the Acts of 1920, from which we have quoted, conferred upon the outgoing board the power of appointing the county superintendent of schools, and that this was done in order to take the office out of politics, it being said that if the board elected in 1923 for a term of two years elected the superintendent to take office on the first day of January next, it will prevent the county superintendent in the several counties from putting out as candidates persons for membership on the board of education on condition that those persons, if elected members of the board of education, will in turn elect him county superintendent; that it was the purpose of the Acts of 1920, creating the county board of education and empowering it to elect the county superintendent, to remove the schools, the county board of education and the county superintendent from the realm of politics. While conceding that it would be well to eliminate politics from the schools, if it were possible, appellee insists that to change the system of selecting boards of education and superintendent of county schools does not accomplish the avowed purpose, for if the superintendent may bring out and assist in the election of the board of education, who will in turn elect him superintendent, the county board may bring out a superintendent who may in turn assist in perpetuating them in office. The question, therefore, gets down in its last analysis to a construction of the language employed by the General Assembly in the Acts of 1920 and 1924, to which we have referred.

Let us examine them and read them together and determine, if we can, their meaning when so read.

The Acts of 1920, which created the county board of education, provided that it should appoint a county superintendent, and also provided that his term of office should

begin on January 1st and continue for a term of not more than four years. This act was amended in 1924 so as to make the school year begin July 1st instead of January 1st, and so as to fix the beginning of the term of the county superintendent as of July 1st instead of January 1st. The latter act changed the beginning of his school year from January 1st to July 1st.

The Acts of 1920, after providing that the term of office of the county superintendent should not exceed four years, further provided that he should hold until his successor was appointed and qualified.

The Acts of 1924, changing the school year, provides that the county superintendent shall not be appointed by the county board of education until after April 1st, and between that time and July 1st, at which time he is to take office. As it is provided that the board of education shall go into office on the first Monday in January, we think it logically follows that the board of education elected in November, 1925, and which takes office on the first Monday in January, 1926, should elect the county superintendent who takes office July 1st, 1926, and that the county superintendent now in office should so continue until his successor is elected and qualified in April; or, if the county board of education deems it wise, until July 1st. If a vacancy should occur in the office of county supperintendent either before or after January 1st, the county board of education may fill the vacancy by the selection of a county superintendent for the unexpired term which does not extend beyond July 1st, at which time the superintendent elected for the regular term will take office. Authority for the election of the superintendent to fill an unexpired term is found in the Acts of 1920.

We conclude, therefore, that when the Acts of 1920, 1922 and 1924, are read and considered together the inevitable conclusion is that the General Assembly intended by the three acts to provide that the board of education elected in November, 1925, which takes office in January, 1926, shall appoint, after April 1st, the county superintendent who takes office July 1st, 1926, for a term of not exceeding four years; that the present board of education has no power to appoint a superintendent whose term is to begin in 1926. The lower court having so held its judgment is affirmed.

Whole court sitting.