## Caudill v. Bowen.

(Decided February 11, 1927.)

### Appeal from Powell Circuit Court.

1. Schools and School Districts—Under Statute Providing that Board Should Appoint County Superintendent for Term Not Exceeding Four Years, Appointment for Two Years was Valid (Acts 1920, c. 36, Section 10).—Under Acts 1920, c. 36, section 10, providing that county board of education should appoint in 1921 county superintendent for term of not more than four years, where board fixed term at two years, elected and contracted with one for that period, election and contract were valid.

2. Schools and School Districts—Where County Superintendent's Term Expired in 1923. Her Successor Had to be Elected in 1923, and Only Members of Board Then in Office Had Power to Elect (Acts 1920, c. 36, Section 10; Acts 1922, c. 39; Acts 1924, c. 52).—Where one was appointed county superintendent of schools under Acts 1920, c. 36, section 10, for period of two years beginning January, 1922, election of successor had to take place in 1923, and only members of board then in office had power to elect, and not those elected in November, 1923, in view of Acts 1922, c. 39, and Acts 1924, c. 52.

3. Schools and School Districts—One Reappointed County Superintendent for Four Years Under Statute Limiting Term to Four Years Held Entitled to Office During Term of Appointment, Notwithstanding Amended Statute Limiting Term to Two Years (Acts 1920, c. 36, Section 10; Acts 1924, c. 52).—One appointed county

superintendent of schools for two years under Acts 1920, c. 36, section 10, providing for appointment for not more than four years from January 1, 1922, and that succcessor should hold office until successor was appointed, and reappointed for four years beginning January 1, 1924, was .entitled to hold office during four-year term of second appointment, as against one appointed under Acts 1924, c. 52, for two years beginning July 1, 1926.

JOHN D. ATKINSON for appellant.

BENTON & DAVIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

On March 19, 1921, the county board of education of Powell county elected Maude S. Bowen superintendent of schools for a term of two years, beginning on the first Monday in January, 1922, and entered into a written contract with her by which she was employed as county superintendent for said term. On March 23, the county board of education re-elected Maude S. Bowen superintendent of schools for a term of four years, beginning on the first Monday in January, 1924, and a contract to that effect was executed by the parties.

On June 11, 1926, the county board of education elected Janie Caudill superintendent of schools for a term of two years, beginning July 1, 1926, and ending June 30, 1928.

This proceeding was instituted in the Powell circuit court for the purpose of determining whether Miss Bowen or Miss Caudill is now entitled to the office. From a judgment in favor of Miss Bowen, Miss Caudill appeals.

Section 10, chapter 36, Acts 1920, which was in force when Miss Bowen was first elected, is in part as follows:

"The county board of education of each county shall appoint, in 1921, a county superintendent of schools for a term of not more than four years from the first day of January next succeeding his appointment. He shall hold office until his successor has been appointed and qualified."

Chapter 39, Acts of 1922, made no changes in the powers or duties of the county board of education with respect to the election of county school superintendents.

The only provision with respect to the election of county school superintendents in chapter 52, Acts 1924, is the following:

"Teachers, principals and other employes may be appointed by the county board of education for any school year at any time after the first day of April next preceding the beginning of the school year; but no employes may be appointed for a longer term than one school year except county superintendent and treasurer of the county board of education, and neither of these shall be appointed for a term of more than four school years."

Considering the case in the light of these provisions our conclusions may be summarized as follows:

(1) As the act of 1920 under which Miss Bowen was elected did not fix the term of the county superintendent at four years, but merely provided that the county board of education should appoint in 1921 a county superintendent of schools "for a term of not more than four years," it was within the power and discretion of the county board of education to fix the term at four years, or for a shorter period if deemed best. As the county board of education fixed the term at two years, and elected, and contracted with, Miss Bowen for that period, there can be no doubt that her first election and contract were valid.

(2) The act of 1920 required the first election of a county superintendent to be made in the year 1921. As Miss Bowen was elected for a period of two years, beginning the first Monday in January, 1922, and, as no change was made as to the time of the election until the passage of the act of 1924, the election of her successor had to take place in the year 1923, and, that being true, it necessarily follows that the members of the board then in office had the power to elect, and not those who were elected in November, 1923, as they did not enter upon the duties of their office until the first Monday in January, 1924, which was after the time for the election had expired. The case of Harrod v. Hoover, 209 Ky. 160, 272 S. W. 400, does not announce a contrary rule. In that case no question of the validity of a prior election or contract was involved, and the court merely held that the act of 1924 had the effect of changing the school year so as to make it begin on July

1, instead of January 1, and that the county board of education in office after January 1, 1926, and not the one in office prior to that time, had the power to elect the county superintendent whose term would begin July 1.

(3)   As Miss Bowen was elected in 1923 for a term of four years, beginning the first Monday in January, and, as the act under which she was elected provided that she should hold office until her successor was appointed and qualified, and, as no successor can be appointed before April 1, 1928, it results that Miss Bowen is entitled under her election and contract to hold the office until July 1, 1928.

Judgment affirmed.