## Moore et al. v. Johnson.

(Decided October 31, 1930.)

J. J. DAVIS and A. W. BAKER for appellants.

J. R. LLEWELLYN, L. C. LITTLE and SYLVESTER LITTLE for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

This action presents the question whether the appellant is entitled to the office of superintendent of schools of Jackson county for the period beginning July 1, 1930, and ending June 30, 1932, or is appellee entitled to that office for that period. The members of the county board of education of Jackson county, elected in the fall of 1925, determined by lot, according to the provisions of section

4399a-2 of the Statutes, the length of their respective terms, two being selected to serve for two years beginning the first Monday in January, 1926, and three being selected to serve for four years from that date. The statute prescribes that thereafter, on the expiration of the term of any member of the board, the successor when elected shall serve for four years. Prior to 1924, the terms of all of the members of the board expired simultaneously, but since then, under the act passed at the 1924 session of the Legislature, being chapter 52 of the Acts of that year, the county board of education is a continuing body with the terms of only part of its membership expiring every two years. In April, 1927, the county board of education of Jackson county elected the appellant county school superintendent for the period of one year beginning July 1, 1927, and expiring June 30, 1928. In April, 1928, the board again elected the appellant county school superintendent for a period of four years beginning July 1, 1928, and ending June 30, 1932, and thereafter entered into a written contract of employment with him for that period. In June, 1930, the board by a vote of three to two undertook to employ the appellee as county school superintendent for a term of two years beginning July 1, 1930, and ending June 30, 1932, thus overlapping the two years yet remaining of the election and contract of appellant. If appellant's election and contract for the term of four years beginning July 1, 1928, was and is valid for the whole of that period, it is obvious that there was no vacancy in June, 1930, to which appellee could be elected. We are of opinion that such was the situation. Section 4399a-10 of the Statutes provides that the county board of education shall appoint a county superintendent of schools for a term of not more than four years. Section 4399a-7 in part provides: "Teachers, principals and other employees may be appointed by the county board of education for any school year at any time after the first day of April next preceding the beginning of the school year, but no employees may be appointed for a longer term than one school year except county superintendent and treasurer of the county board of education, and neither of these shall be appointed for a term of more than four school years."

From these two sections it is plain, as we held in Caudill v. Bowen, 218 Ky. 207, 291 S. W. 44, that it was within the power and discretion of the county board of education of Jackson county, in the election of a county

superintendent, to fix his term of office at four years or for a shorter period if deemed best. Hence the election of the appellant for the term ending June 30, 1928, was valid. The office being vacant on July 1, 1928, and the statute empowering the county board of education, which is now a continuous body as we have seen above, to elect a successor for any term not exceeding four years, it follows that the county board of education had the right to elect the appellant for the four-year term beginning July 1, 1928, and ending June 30, 1932. It was expressly so held in the Caudill case, supra. There, Miss Bowen was elected in 1921 for a period of two years beginning January 1, 1922 (that being the time then when the term of office of county school superintendents began). The statute then, as now, authorized county boards of education to elect a county superintendent for a term not exceeding four years. In 1923, the board re-elected Miss Bowen for a period of four years beginning January 1, 1924. The act of 1924 supra changed the date of the beginning of the term of office of county school superintendents from January 1 to July 1. Thereafter, the county board undertook to elect a superintendent for the period beginning July 1, 1926, and ending June 30, 1928, but we held that such election was invalid, as there would be no vacancy in the office until July 1, 1928, Miss Bowen's election for the four-year period being valid and binding, and this too, although the term of office of every member of the county board in office at the time of the election of Miss Bowen expired on the first Monday in January, 1926, two years before the expiration of the term for which she had been specifically elected. The case of Harrod v. Hoover, 209 Ky. 160, 272 S. W. 400, relied upon by appellee herein, was distinguished in the Caudill case and its effect carefully explained. In the Harrod case, the court pointed out that the act of 1924 changed the beginning of the term of office of county superintendents from January 1 to July 1 and provided that the selection of the superintendent should be had after the 1st of April which preceded the 1st of July when the term of office of county superintendents began. Of course it was impossible for a county board whose term of office expired on the first Monday in January to elect a superintendent after the 1st of April following. The only board which could possibly do that would be the board in office when that time rolled round. The real

problem presented in the Harrod case, was, who should be superintendent between the 1st of January, 1926, and the 1st of July, 1926? It was argued that as the term of office of the superintendent involved in that case expired on the 1st of January, 1926, unless the board in office in 1925 elected a successor, there would be no superintendent between January 1, 1926, and July 1st of that year. We disregarded that contention, however, and held that the act of 1924 could be complied with and the selection of a successor postponed until after April 1, 1926, because, under the law, the old superintendent whose term ended with the 1st of January, 1926, would hold on until his successor was elected and qualified, that is, until July 1, 1926. That is all the Harrod case holds. In this, it is followed by the Caudill case, for there Miss Bowen had been elected for a four-year period to end January 1, 1928, but we held that she should hold office until July 1, 1928.

The instant case does not present the question of a board attempting to fill a vacancy which will occur in the future and at a time when the membership of the board will be entirely changed. When the appellant was elected in April, 1928, there was a vacancy in the office that would occur on the 1st of July following and when the board then in office would still be in office. It is conceded that the board in April, 1928, had the right to elect a superintendent for a term beginning July 1 of that year. The statute specifically gave it power to determine the length of that term for a period not exceeding four years. The Legislature undoubtedly had the right to leave the question of the length of the term to the county board. It decided that the term beginning July 1, 1928, should be four years. It had the right to make such a decision. The Caudill case so holds. If the Legislature had intended that the term of office of a county superintendent should in no event exceed the term of office of a majority of the board, that being the contention of the appellee herein, it could easily have said so. But the Legislature left it with the board, whose function it was to fill a vacancy whenever it occurred, to determine the length of time for which the election should hold good, provided it did not exceed four years. We are utterly unable to see where such a provision is against public policy.

It follows, from what we have said, that there was no vacancy in the office of county school superintendent of

Jackson county for the period beginning July 1, 1930, and ending June 30, 1932, and that the attempt to elect appellee to that office for that period was invalid and illegal. The lower court should have dismissed the appellee's petition seeking the office. Its judgment is therefore reversed, with instructions to dismiss appellee's petition.