**Maynard v. Allen et al.**
Jan. 24, 1939.

486

WOODS, STEWART & NICKELL and J. R. SOWARDS for appellant.

HANNAH, VANSANT & McKENZIE and T. E. NICKELL for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant, Fred Maynard, served as county school superintendent of Greenup county for a four

year term ending June 30, 1938. Claiming that he had been appointed on February 3, 1938, at a regular meeting of the Greenup County Board of Education for a four year term beginning July 1, 1938, and that M. V. Allen, William A. Oakes, Elva Belford, W. S. Bentley, and Burns Litteral, members of the Geenup County Board of Education, were threatening to oust him from his office, he brought this action on July 1, 1938, to enjoin the members of the Board of Education from declaring the office of county superintendent of schools vacant or in any manner interfering with his contract with the board. He filed with his petition a certified copy of the minutes of the February 3, 1938, meeting of the County Board of Education showing his employment as school superintendent for a term of four years, beginning July 1, 1938, also a certified copy of the contract of employment executed March 5, 1938. A demurrer to the petition was sustained, the temporary restraining order theretofore granted was dissolved, and plaintiff's petition was dismissed. The sole question presented on this appeal is the propriety of the court's ruling in sustaining the demurrer to plaintiff's petition.

The petition alleged, in substance, that plaintiff was duly appointed superintendent of schools for Greenup county at a regular meeting of the County Board of Education held February 3, 1938, for a term of four years, beginning July 1, 1938, and that his salary was fixed at $2,400 a year. It further alleged that plaintiff entered into a written contract with the County Board of Education on March 5, 1938, and a certified copy of the contract was filed with the petition. The petition also alleged that the plaintiff possessed the necessary educational and statutory qualifications. The appellees argue that the demurrer to the petition was properly sustained, since the chancellor was authorized to and did read into the petition facts of which he was required to take judicial notice, and further because the petition showed on its face that appellant was appointed superintendent of schools prior to April 1, 1938, and therefore such appointment was void.

On demurrer, pleadings are strictly construed against the pleader, and, ordinarily, a defect rendering the pleading demurrable must appear on its face. However, matters of which the court will take judicial notice need not be stated in the pleading. Such matters will

be read into the pleading and considered by the court when passing upon the demurrer. McFeena's Adm'r v. Paris Home Telephone & Telegraph Co., 190 Ky. 299, 227 S. W. 450. The matters which do not appear in the petition in the present case, but of which appellee insists the court should take judicial notice, appear in the records of three law suits which originated in the Greenup circuit court. It is argued that when the facts appearing in these records are read into the petition it is demurrable. The facts dehors the present record relied upon to render the petition defective are set out in appellees' brief, and, in substance, are:

At the regular election held November 2, 1937, three members of the Greenup County Board of Education were to be elected. There were eleven candidates, and Frank Hardin, Willard Meadows, and William Oakes were awarded certificates of election, they having received the highest number of votes on the face of the returns. M. V. Allen and Elva Belford filed separate actions in the Greenup circuit court contesting the election of Hardin and Meadows. They lost in the circuit court, but, on appeal to this court, the judgment was reversed, and the circuit court was directed to enter a judgment declaring Allen and Belford elected. Allen v. Hardin, 272 Ky. 396, 114 S. W. (2d) 494. It was while these contest proceedings were pending in this court that the appointment of appellant as superintendent of schools was made. It is also stated in appellees' brief that on December 30, 1937, the outgoing Board of Education of Greenup county adopted a bylaw by the terms of which it was provided that no member elected to the board would be permitted to qualify until he should have first convinced a majority of the board, by documentary evidence, that he possessed the required educational qualifications to hold the office. Oakes received his certificate of election on November 26, 1937, and on January 3, 1938, qualified as a member of the board by taking the oaths as required by law, and filed same on that day in the office of the secretary of the Board of Education. On February 5, 1938, the other members of the board ousted Oakes as a member, and elected G. R. Remines to fill the vacancy. As the result of that action, litigation arose between Oakes and Remines which finally reached this court, where it was determined that Oakes was a legally elected member of

the Board of Education and entitled to serve from January 3, 1938, for a four year term. Oakes v. Remines, 273 Ky. 750, 117 S. W. (2d) 948.

The petition sets out none of these facts, but appellees insist that they are facts of which the circuit court was required to take judicial notice, and when read into and considered a part of the petition rendered it bad. The appellant was not a party in the contest proceedings nor in the litigation between Oakes and Remines. The rule in this jurisdiction is that in a case pending before it a court will take judicial notice of a record in the same court in a case involving the same parties and the same questions, but will not take judicial notice of records in other cases. Board of Education of Cumberland County v. Jones, 194 Ky. 603, 240 S. W. 65; Brashears v. Frazier, 110 S. W. 826, 33 Ky. Law Rep. 662; National Bank of Monticello v. Bryant, 13 Bush 419. This rule seems to be in accord with the weight of authority on the subject. John Deere Plow Co. v. Hershey, 287 Pa. 92, 134 A. 490; People v. McKinlay, 367 Ill. 504, 11 N. E. (2d) 933; Atlas Land Corp. v. Norman, 116 Fla. 800, 156 So. 885; Kostlan v. Mowery, 208 Iowa 623, 226 N. W. 32; Dodrill v. State Bank, 35 N. M. 342, 297 P. 144; Schreier v. Veglahn, Sheriff, 56 S. D. 125, 227 N. W. 487; Robison v. Kelly, 69 Utah 376, 255 P. 430. The facts of the present case bring it within this rule, and it follows that the matters appearing in the contest proceedings and in the litigation between Oakes and Remines cannot be read into the petition and considered on demurrer.

It is argued that the contract between appellant and the Board of Education is void because the board illegally prevented Oakes, a legally elected and qualified member, from participating in the meeting, and did permit Remines, who was not legally a member of the board, to participate. Conceding for present purposes that the argument is sound if the facts are as claimed by appellees in their brief, these facts cannot be considered in passing on the demurrer, since they do not appear in the petition and appear only in a record of which the court is not required to take judicial notice.

It is also argued that county school superintendents must be appointed after April 1st of the year in which the term is to begin, and, since the petition showed on its face that appellant was appointed on February 3,

1938, the appointment was void and the demurrer therefore was properly sustained. In support of this argument, they cite Harrod v. Hoover, 209 Ky. 160, 272 S. W. 400, wherein it was said [page 402]:

"We conclude, therefore, that when the Acts of 1920, 1922 and 1924 are read and considered together, the inevitable conclusion is that the General Assembly intended by the three acts to provide that the board of education elected in November, 1925, which takes office in January, 1926, shall appoint, after April 1st, the county superintendent who takes office July 1, 1926, for a term of not exceeding four years; that the present board of education has no power to appoint a superintendent whose term is to begin in 1926."

The Harrod Case was followed in Caudill v. Bowen, 218 Ky. 207, 291 S. W. 44, Board of Education of Boyle County v. McChesney, 235 Ky. 692, 32 S. W. (2d) 26, and Moore v. Johnson, 235 Ky. 774, 32 S. W. (2d) 353. All of these cases construed section 3 of chapter 52 of the Acts of 1924 before it was repealed by the school code adopted in 1934. The Act of 1924 read in part:

"Teachers, principals, and other employes may be appointed by the county board of education for any school year at any time after the first day of April next preceding the beginning of the school year; but no employes may be appointed for a longer term than one school year except county superintendent and treasurer of the county board of education, and neither of these shall be appointed for a term of more than four school years."

In construing this section it was held that the county superintendent should be appointed after April 1st in the year in which his term began on July 1st. Section 4399-34 of the Kentucky Statutes, which is part of the school code adopted in 1934, reads in part:

"Each board of education shall appoint a superintendent of schools whose term of office shall begin on July 1 following his appointment, and said appointment may be for a term of one, two, three, or four years."

After prescribing the qualifications and duties of the superintendent of schools and providing that all

appointments, promotions, transfers, and dismissals of principals, supervisors, teachers, and other public school employees shall be made only upon the recommendations of the superintendent of schools subject to the approval of the board, the section continues:

"The superintendent shall have the power to suspend any teacher or other employee for cause deemed by him sufficient, and the board of education shall take such action upon the restoration or removal of such person as it may deem proper. All employees of the board shall have such qualifications as may be prescribed by law and by the regulations of the State Board of Education and/or of the employing board. Supervisors, principals, teachers, and other employees may be appointed by the board of education for any school year at any time after the first day of April next preceding the beginning of the school year."

The Act of 1924, construed in Harrod v. Hoover, supra, provided specifically for the appointment of the county superintendent of schools after April 1st in the year in which his term began on July 1st, but when that act was repealed in 1934, and section 4399-34 of the Statutes was enacted in lieu thereof, the Legislature failed to fix the time for the appointment of the county superintendent. The 1934 Act deals separately with the county superintendent and "supervisors, principals, teachers, and other employees," and only the latter must be employed after the first day of April next preceding the beginning of the school year. It follows that the case of Harrod v. Hoover and the cases following it are no longer controlling on this question, and a county superintendent of schools may be appointed prior to the first day of April in the year in which his term begins, provided that the appointment is made by the same board that is authorized to act when the vacancy actually occurs. This does not mean that the personnel of the board must remain the same, but that the terms of the members in office at the time the appointment is made must extend beyond the date when the term of the appointed officer begins. Walker v. Fox, 216 Ky. 33, 287 S. W. 228; Board of Education of Boyle County v. McChesney, supra.

It is also argued that the action of the board in declaring the office of Oakes vacant and appointing

Remines in his place was illegal, and rendered the appointment of appellant as county superintendent void. As we have heretofore stated, these facts did not appear in the petition, and could not be considered on demurrer. In order to be considered by the court, they must appear in a defensive pleading.

We conclude that the court erred in sustaining the demurrer to the petition, and the judgment is reversed, with directions to overrule the demurrer, and for further proceedings consistent herewith.