## Maynard v. Gilbert et al.

May 24, 1940.

Harvey Parker, Jr., Judge.

Woods, Stewart & Nickell and J. R. Sowards for appellant.

Hannah, VanSant & McKenzie and Thomas E. Nickel for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

The matter involved in this appeal was before us in Maynard v. Allen et al., 276 Ky. 485, 124 S. W. (2d) 765, but not determined on merits. There are incidentally involved two other appeals, Allen v. Hardin, 272 Ky. 396, 114 S. W. (2d) 494; Oakes v. Remines, 273 Ky. 750, 117 S. W. (2d) 948.

The suit here is a continuation of the first suit, in which Maynard sought an injunction against the then constituted county school board, seeking to prevent it from putting into effect a threat of refusing to permit him to qualify as County School Superintendent · of Greenup County.

We gather from the first-named case that appellant was elected by the then existing board on February 3, 1938, to serve a four-year term. He had theretofore

been serving in the same capacity. His February 3 contract, for four years, was to begin on July 1, 1938, and was executed on March 5, 1938. Appellant had heard rumors to the effect that a differently officered board was going to cancel his contract, or refuse to recognize same, so on July 1, 1938, he filed his suit making the then members of the board defendants.

It was alleged in the petition, and is agreed, that appellant was at the time of his appointment possessed of necessary educational and statutory requirements qualifying him for office. It appears from the record the only ground mentioned was the illegality of his appointment, in that the board at the time had no power to appoint.

The court below had sustained defendant's demurrer to appellant's petition, same being based on the ground that it showed on its face that appellant's appointment was made prior to April 1, 1938, therefore under the law void. We disagreed with the chancellor, and pointed out a distinction in the 1934 Act and former laws, with relation to the time of election or appointment. Reference is made to the opinion on that point.

It will be noted also that we refused, as had the lower court, to take judicial knowledge of other suits involving the make-up of the board at various times, particularly with reference to appellant's appointment and contract, and due to the state of the record on return, when answer and other pleadings were filed, we are compelled to go into these matters, all of which have unnecessarily gotten into and made up a voluminous transcript. It may be said that in addition to the facts set out above, which are agreed to be correct, the following is gathered from quite a lengthy stipulation.

The County Board of Education, as of November 2, 1937, at which date three members were to be elected, was composed of J. B. Merrill, G. R. Remines, B. C. Holbrook, W. Sherman Bentley and Burns Litteral. The elective terms of Merrill, Remines and Holbrook expired by operation of law the first Monday in January, 1938, the date of qualification of successors. This left Bentley and Litteral as holdovers. At the regular election in November, Meadows, Hardin and Oakes received the highest number of votes cast, were awarded certificates of election, and on January 1, Hardin and

Meadows took the necessary qualifying oaths and filed them with the board. Oakes took the oath on January 3, 1938, on which latter date the board should have been: Bentley, Litteral, Meadows, Hardin and Oakes.

However, it was stipulated that though having duly qualified neither Hardin nor Meadows discharged any of the duties of the office on January 1, 1938, or thereafter, except as is shown in the minutes of the board, showing their taking of the statutory oaths. It was stipulated that while Oakes took the statutory oaths, he was not present nor did he participate in the meetings of February 5, 1938, or of March 5, 1938.

The record shows that the following composed the board on the date the appointment was made: Bentley and Burns, legally holdovers; Merrill, Remines and Holbrook, whose terms expired on January 1, 1938, but were holding on because of the following manifested facts:

On November—, 1937, Belford and Allen, both candidates for members of the board, filed suits contesting the elections of Hardin and Meadows. The lower court decided for Meadows and Hardin. On appeal we reversed the lower court. This decision was rendered on March 1, 1938, and on March 6, 1938, certificates of election were issued to Belford and Allen, who qualified on March 26, 1938, after the dates of appointment and contract with appellant. These two displaced Merrill and Holbrook.

In March, 1938, Remines filed suit against Oakes, contending that Oakes had forfeited his office by failing to properly qualify. His claim was that he had been appointed by the board to fill the vacancy because Oakes had failed to follow a board-made rule, requiring an electee to present evidence before assuming duties of his legal qualification as directed by Section 4399-22, Kentucky Statutes. The lower court upheld Remines' contention, but we held that the board was without power to enforce its rule, and declared Oakes to have been entitled to his seat with the board. Oakes had been declared a successful candidate in the Allen, Hardin and Belford suits. This left the board as immediately above set out, except that Oakes stepped into Remines' place.

There is one stipulation between parties which is emphasized by appellees, and upon which the court based his ruling below finding against appellant:

"It is further stipulated that the terms and tenure of office of J. B. Merrill, B. C. Holbrook and Remines did not extend beyond the first day of July 1938, when the vacancy occurred in the office of the county superintendent of schools, the date upon which plaintiff claims his term of office began."

And further, "That the terms of Merrill, Holbrook and Remines as members of the board, expired on January 3, 1938."

It was further stipulated that on July 1, 1938, the board was threatening to interfere with appellant in the performance of his duties, and to cancel his alleged employment of February 5, and the contract of March 5, and it did later enter an order holding for naught the board's actions of the dates mentioned, and refused to recognize him as an employee. Appellant filed his suit on July 1, 1938, and by pleadings following the remand of the case, the issue was raised as to whether or not the board, composed as it was on the dates of employment and contract, had the legal right to appoint or enter into contract with appellant.

On November 22, 1939, the court entered judgment that the election of appellant on February 5, 1938, and the subsequent contract, were void and of no effect, dissolved a temporary restraining order theretofore issued against the board, and dismissed appellant's petition.

The court rendered a written opinion which, in part, cited the cases we have mentioned above, and held that Oakes, Allen and Belford had been duly elected members of the board at the November, 1937, election. He then quotes from the opinion of this court in the Maynard-Allen case, and continues:

"It is stipulated and agreed by counsel for the parties that the term of Maynard was to begin on July 1, 1938, and that Allen, Belford, Oakes, Bentley and Litteral, were in office on July 1, 1938, and plaintiff is relying upon an attempted appointment made by a board that was not in office and whose terms did not extend beyond July 1, 1938, when the vacancy actually occurred. * * *

"The only question for the court to decide is 'was the board that attempted to appoint plaintiff as superintendent on February 5, 1938, the same

board that was in office legally on July 1, 1938? Did the terms of the members extend beyond July 1, 1938, when the vacancy actually occurred? The stipulations of proof clearly answers these questions, 'No.' "

Counsel for appellee stands squarely on the lower court's construction of this court's language, used on the former appeal, as based on the stipulation above quoted, and argues that the stipulation as the court observed, is conclusive. Certainly so, since it was agreed that the terms of Merrill, Holbrook and Remines expired prior to July 1, 1938, when the term of appellant was to begin. It is pointed out that at the time of the appointment (February 5) only Bentley and Litteral were legal members of the board.

The argument is based on the well-established principle of law that an outgoing board, or officers whose terms expire before the vacancy occurs, cannot legally make an appointment, and cite in addition to the Maynard v. Allen case, supra, Walker v. Fox, 216 Ky. 33, 287 S. W. 228, and Glass v. City of Hopkinsville, 225 Ky. 428, 9 S. W. (2d) 117. In other words it is contended that the language of this court in the former opinion, and as quoted above, is the law of the case. It is contended by appellant that from January 3, 1938, to March 26, of the same year, Holbrook and Merrill having been duly elected, had the right to hold their offices until their successors functioned, hence their status was that of de jure officers; that Remines, who was appointed to fill Oakes' place after his ouster, was to say the least, a de facto officer; that the official acts of de jure and de facto officers have the same effect, and may not be called into question by the public or third parties; that by Section 4399-27, Kentucky Statutes, a board member serves for a designated period for which he is elected, and until his successor is elected and qualified, and this being true, such member had the same rights, duties and powers during his holdover period which were his during his designated term.

We find it unnecessary to enter into a lengthy discussion as to whether the members whose terms had expired by operation of law, in attempting to holdover, were or were not de jure or de facto officers. It may be that two of them were attempting to act without any

color of title. It has been noted that the three members who were elected in November, 1937, had received their certificates and had qualified by taking and filing of record requisite qualifying oaths. It is true that it is also stipulated that such members did not, until a later date, undertake the performance of duties, but, as we view the law, this did not give the right to the defunct members to step into their places.

Section 4399-29, Kentucky Statutes, provides that the failure of a member to attend three consecutive regular meetings, unless excused by the board, shall be deemed to have vacated his office. Action of the board is necessary to declare and fill the vacancy. See, also, Section 4399-30, Kentucky Statutes, and as to construction of these sections, Spurlock v. Spradlin, 266 Ky. 164, 98 S. W. (2d) 480; Baisden v. Floyd County Board of Education, 270 Ky. 839, 110 S. W. (2d) 671. The provisions of these sections, as construed by us, would make it extremely doubtful if any one of the members, other than the legal holdovers, had any color of title or right to serve, in the absence of a compliance with the plain letter of the law; Com. v. Bush, 131 Ky. 384, 115 S. W. 249.

However, it seems to us that appellant further stipulated so as to deprive him of the relief which he sought, and we refer to the excerpt from Maynard v. Allen, supra, which is made a part of the stipulation. We cannot escape the conclusion that in that case, supra, the court in saying that while the appointment might, under the applicable law, be made prior to April 1 of the year in which the vacancy occurred "provided that the appointment is made by the same board that is authorized to act when the vacancy actually occurs. * * * that the terms of the members in office at the time the appointment is made must extend beyond the date when the term of the appointed officer begins," [276 Ky. 485, 124 S. W. (2d) 768] had in mind the state of facts then and here existing.

If the three members who undertook to supersede the three elected and qualified members had any "terms" at all, a matter much doubted, such terms only extended to the time when the rightfully elected members should begin to function. Their respective elective terms had expired, and none of them were holding when the vacancy in appellant's office occurred.

We cannot refrain from expressing our opinion that the action of the board on February 5, nearly sixty days before April 1, showed considerable precipitancy, especially under the peculiar circumstances existing, and which we have found not to be common with any case which we have been able to find. The Maynard case shows that the right to appoint prior to April 1, was in doubt, and it was so until the debated question was decided by this court. Notwithstanding the doubt, the members of the old board, or a majority, decided to take the matter in hand and so act, they no doubt thought, as to preclude from acting those members who they knew would succeed them prior to July 1, 1938.

We are asked by counsel to answer the question: "What would have been the result or situation if the contest cases had not been decided prior to July 1, 1938?" We declined to enter into an argument of a similar question in Moore v. Johnson, 235 Ky. 774, 32 S. W. (2d) 353, but did say that under the law a duly appointed superintendent would hold until his successor was appointed. Here the question is partly answered by saying that the contests were decided in this court long prior to July 1, 1938.

There was never any question in the minds of the court that Oakes was duly elected and qualified. He was illegally denied a seat with the board, because of his refusal to comply with a self-made rule of the board's, which we found to be without any authority of law. The board ousted him, and placed in his stead Remines, who had been defeated in the November, 1937, election. All these facts and circumstances lead to inevitable conclusion that there was excessively hasty action. However, while not affirming the case on that ground, we do hold that since the three members whose terms, if they had terms, expired before the vacancy was to be filled, the election of appellant was null and void.

To hold otherwise in this case would be in effect to indirectly thwart the will of a majority of the electorate. The rule followed in the Maynard case, backed up by authorities cited therein, and in Glass v. Hopkinsville, supra, and cases cited, is a salutory rule. We do not mean to say that a properly constituted board, whose terms do not expire before the expected vacancy is to occur, may not appoint prior to the first of April. The

234

legislature in eliminating the date of appointment of the superintendent from the Act of 1934, perhaps had in mind the fact that appointments of subordinate officers and employees should be made on the superintendent's recommendation, and that his appointment might be made earlier, so as to give him time to consider applications and make his recommendations prior to April 1. But this apparently sensible reason would not justify the appointment by a board, the terms of a majority of the members of which expired prior to the date of vacancy.

We are of the opinion that upon the stipulation of facts presented to the chancellor, his ruling was correct, and we therefore uphold it.

Judgment affirmed.