Linda Joyce ADKINS (now Boyd) and
Charles E. Moore, Appellants,

v.

Samuel Porter ADKINS, Appellee.

Court of Appeals of Kentucky.

Opinion Rendered April 7, 1978.

Ordered Published April 21, 1978.

As Modified On Denial of Rehearing
Nov. 17, 1978.

Charles E. Moore, Owensboro, for appellants.

Harold Wayne Newton, Hawesville, for appellee.

Before GANT, HOGGE and WINTERSHEIMER, JJ.

HOGGE, Judge.

This is an appeal from an order granting a motion to modify a decree of divorce and judgment, thereby relieving the appellee of his obligation to make support payments to the appellant during the months of June, July, and August while the children are in his custody.

In 1970, the appellant and the appellee were granted a divorce. The decree granted custody of the parties' two infant children to the appellant and incorporated a separation agreement which provided that the appellee would pay the sum of one hundred and fifty dollars ($150.00) per month to the appellant for the support and maintenance of said children. Thereafter, the decree was modified to grant to the father, appellee, visitation rights during the months of June, July, and August, during which period the children would live with him. The appellee ceased to pay support during the months the children were in his custody. The appellant brought an action for contempt, and following a lower court hearing, the appellee was allowed to make deductions from his obligation of support during those months he was in custody of the children. The Supreme Court subsequently reversed the order of the lower court and held that since the separation agreement had not been modified to reflect any change in the appellee's support obligation, it was error for the lower court to allow such deductions.

Thereafter, the appellee petitioned the lower court to modify the decree so as to excuse him from his obligation to make support payments during the months when he had custody of the children. That motion was granted and this appeal follows.

■ First, the appellant urges that the "law of the case" rule operates to preclude any further consideration of the issue of support during the months the appellee has custody of the children. We do not agree. The issue in the first appeal was whether the lower court could excuse the appellee from complying with the terms of the decree. The Supreme Court held that it could not. The propriety of modifying the decree

as it concerned the husband's obligation of support was not before the court. This case presents an entirely different question from the one previously ruled upon and the "law of the case" rule is inapplicable.

Next, the appellant contends that it was error for the lower court to grant the motion to modify the decree without first conducting an evidentiary hearing and making appropriate findings.

■ KRS 403.250 states that there must be "a showing of changed circumstances" in order to modify a decree respecting support. No certain procedure for making this showing is set forth. Show has been defined as "[t]o demonstrate, to make apparent or clear, either to the eyes or to the understanding or to both, by display, by evidence, by illustration, or by other means." *Ballentine's Law Dictionary* (1969 ed.). The record of the proceedings between these parties reflected that the original divorce judgment had been modified so as to allow the father to have custody of the children for three months out of each year. This fact was brought to the attention of the appellant and the court during the hearing on the motion to modify, and it was made clear that this was the basis of the allegations of changed circumstances. It is a well-established principle that a court will take judicial notice of its own records in the case before it and of all matters patent on the face of such records, including all prior proceedings in the same case. *Maynard v. Allen,* 276 Ky. 485, 124 S.W.2d 765 (1939); 29 Am.Jur.2d *Evidence* § 57. Judicial notice of such facts takes the place of proof and is of equal force, 29 Am.Jur.2d *Evidence* § 14.

■ We hold that the burden of proof placed on the party seeking a modification of a divorce decree was met. What stronger showing could one make than show the court that it, by its own orders, had made a very substantial change in the time of actual custody of children by the parties, a twenty-five percent change. Certainly a change of this magnitude, as shown by the record, is more convincing than evidence.

If there were facts mitigating against the granting of the motion, the appellant was free to bring them to the attention of the court at the hearing, and to indicate her desire to present evidence in rebuttal. She did not do so.

■ In *Burnett v. Burnett,* Ky., 516 S.W.2d 330 (1974), the court stated that the circuit court must make appropriate findings of evidentiary facts whenever the court *grants* a motion to modify a support agreement. Admittedly, there were very few evidentiary facts presented to the lower court, and the order of the circuit court made no recitation that this court can interpret as a finding of fact. This was error. However, the appellant made no request for such findings. CR 52.04 provides that no judgment shall be reversed for failure to make such findings unless the failure is brought to the court's attention in the form of a written request or motion for said findings. Therefore, the appellant has not properly preserved this issue for review.

■ Next, the appellant contends that there has been no change of circumstances "so substantial and continuing" as to warrant a modification of the judgment. It was said in *Wilhoit v. Wilhoit,* Ky., 521 S.W.2d 512, 513 (1975) that "[t]he trial court is vested with broad discretion in matters of this kind, and this court will not interfere unless that discretion is abused." This court is of the opinion that the modification of the original divorce judgment, so as to allow the father to have custody of the children for three months out of each year, is a changed condition so substantial and continuing as to make the terms of the original separation agreement unconscionable. We, therefore, cannot say that the trial court abused its discretion in so finding. A twenty-five percent change in time of custody of children is most substantial. This substantial change in time of custody renders the support payment unconscionable.

■ Last, the appellant contends that the court erred in failing to properly exercise its discretion in considering the appellant's motion for attorney's fees. Both parties concede that an award of an attorney's fee is entirely within the discretion of the court. *Wilhoit, id.* However, the appellant points out that where the trial judge labors under the misconception that he lacks the authority to make such an award, it cannot be said that he exercised his discretion. See *Malloy v. Malloy,* Ky., 460 S.W.2d 15 (1970).

KRS 403.220 provides that the court "may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorney's fees . . . incurred *prior* to the commencement of the proceeding or *after* entry of judgment." [Emphasis added.]

The following colloquy demonstrates that the judge did not recognize his discretionary authority.

MR. MOORE: Judge, what about my motion for attorney's fee?

JUDGE MARTIN: The only way I know that you can collect an attorney's fee is that the Court of Appeals has held where an attorney moves for and gets an additional allowance for child support. He is at that time in effect representing the children and is entitled to an attorney's fee. That's the only time I know of in a post-divorce hearing that an attorney is entitled to a fee. Do you know of any other times?

MR. MOORE: Well, it's my understanding, Your Honor, that an attorney could be granted an attorney's fee whenever he was defending a Motion for a woman where the Motion was to take part of the child support away from her.

JUDGE MARTIN: Well, the Court has held that, but only where he gets additional support for the child.

We, therefore, find it necessary to reverse this portion of the order. This reversal is not to be construed as indicating an opinion of this court, one way or the other, as to whether an attorney's fee should be allowed. Upon remand, the circuit court should merely take into consideration the full range of authority conferred upon it by

statute and reach a decision after taking into consideration all the pertinent factors.

The judgment is affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.

WINTERSHEIMER, J., concurs.

GANT, J., dissents.

GANT, Judge, dissenting.

I must dissent from the majority opinion in this case. That opinion states that the appellee met his burden of showing "changed circumstances" by the fact that *six years* before his hearing on the petition to modify he was granted three months custody of these children. A change this long before the hearing is simply inadequate to meet this burden. Additionally, the majority opinion ignores the fact that the original decree gave him sixty days custody if appellant left the state, which she did, as well as any other custody at reasonable times and places. The modified agreement, in addition to being ancient, just did not give him any more custody than he previously had.

If we accept as sacred the records of the court, we find that one and a half years before the hearing on the petition to modify, the appellant proved that her needs had increased substantially, that she was unemployed, her children had entered school and that appellee's earnings had increased by about 30%. The "records" of the court, in light of the previous decision of the appellate court, simply do not support the modification.

For these reasons, I respectfully dissent.