David JACKSON, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 98–SC–0246–MR.

Supreme Court of Kentucky.

Sept. 23, 1999.

Marie Allison, Assistant Public Advocate, Department of Public Advocacy, Frankfort, for Appellant.

Albert B. Chandler III, Attorney General of Kentucky, Michael Harned, Shawn C. Goodpaster, Assistant Attorneys General, Criminal Appellate Division, Office of the Attorney General, for Appellee.

JOHNSTONE, Justice.

Appellant, David Jackson, was convicted of Trafficking in a Controlled Substance in the First Degree. Additionally, Jackson pled guilty to another trafficking charge, with the plea conditional on the outcome of this appeal. He was sentenced to twenty years' imprisonment and appeals to this Court as a matter of right. We affirm.

Jackson raises a single issue on appeal which will be easier to articulate after establishing the pertinent facts of this case.

Jackson was arraigned on January 6, 1997, and was represented by Benjamin Lookofsky. On February 3, 1997, Lookofsky filed a motion for a bill of particulars in Jackson's case. On February 10, 1997, Lookofsky filed a motion to withdraw as Jackson's attorney, which motion was granted on March 3, 1997. The Commonwealth filed the motion to consolidate Jackson's trial with the trial of Marques Pearson on February 19, 1997, which motion was granted on March 24, 1997.

■ According to Jackson, Pearson had been represented by Lookofsky at least since October 9, 1996. While there is nothing in the record to support this, Jackson asks us to take judicial notice pursuant to KRE 201 of a motion for a bill of particulars filed by Lookofsky in Pearson's case. Because Pearson's case was consolidated with Jackson's case, we consider the motion for a bill of particulars in Pearson's case to be part of the record in the case at bar. That motion is signed by Lookofsky and is dated October 9, 1996. The indictment number on the motion is 96–CR–00144, which is the same indictment number listed on the Commonwealth's motion to consolidate Jackson's and Pearson's trials. The Commonwealth does not dispute the point. Thus, we take judicial notice of the October 9, 1996, bill of particulars and assume that Lookofsky represented Pearson from that point forward. *Maynard v. Allen*, 276 Ky. 485, 124 S.W.2d 765, 767 (1939); *Adkins v. Adkins*, Ky.App., 574 S.W.2d 898, 899 (1978). More importantly, we assume that Pearson was represented by Lookofsky on the date that Jackson was arraigned.

■ We can now state Jackson's argument. Jackson argues that there is an unresolved potential conflict of interest arising out of Lookofsky's representation of both Jackson and Pearson at the time of Jackson's arraignment. The relief he seeks is a remand for an evidentiary hearing to determine whether such a conflict exists with instructions to reverse his convictions if the trial court finds that there was a conflict of interest. His argument is based on RCr 8.30(1) and our cases interpreting the rule.

RCr 8.30(1) states:

If the crime of which the defendant is charged is punishable by a fine of more than $500, or by confinement, no attorney shall be permitted at any stage of the proceedings to act as counsel for the defendant while at the same time engaged as counsel for another person or persons accused of the same offense or of offenses arising out of the same incident or series of related incidents unless (a) the judge of the court in which the proceeding is being held explains to the defendant or defendants the possibility of a conflict of interests on the part of the attorney in that what may be or seem to be in the best interests of one

client may not be in the best interests of another, and (b) each defendant in the proceeding executes and causes to be entered in the record a statement that the possibility of a conflict of interests on the part of the attorney has been explained to the defendant by the court and that the defendant nevertheless desires to be represented by the same attorney.

■ RCr 8.30 places affirmative duties on the trial court. *Commonwealth v. Holder*, Ky., 705 S.W.2d 907, 908 (1986). However, as a practical matter, that duty is not triggered until the trial court is aware of the dual representation or can reasonably be charged with notice thereof. The record in this case does not support the conclusion that the trial judge was subjectively aware of the dual representation, nor are there sufficient facts in the record to impute awareness upon him.

At the time Jackson was arraigned, Jackson's case had not been consolidated with Pearson's, nor had the Commonwealth yet made the motion to consolidate. At this point in time, the trial judge had no cause and little opportunity to be sufficiently acquainted with the facts of both Jackson's and Pearson's cases to put him on notice that the two cases arose out of the same drug transaction. Moreover, there is nothing in the record to indicate that Lookofsky filed any other motions or made any other appearances on Pearson's behalf before the two trials were consolidated, or before the joint trial commenced. Thus, in addition to making the connection between the two cases, the trial judge also would have had to have known that Lookofsky represented Pearson based on the fact that Lookofsky had filed a motion for a bill of particulars in Pearson's case some three months before. This effectively places the impossible burdens of both record notice and clairvoyance upon the trial court.

■ Thus, we hold that the trial judge's duty to comply with RCr 8.30 never arose in this case because nothing in the record reveals that the trial judge was ever made aware of, or had reasonable notice of, Lookofsky's dual representation of Jackson and Pearson. Further, even if the trial court could be properly charged with notice of the dual representation at Jackson's arraignment, the trial court's failure to comply with RCr 8.30 *at arraignment* would not result in a reversal of this case.

Two weeks after the trial court granted Lookofsky's motion to withdraw, Susan Boeschel filed an entry of appearance on Jackson's behalf. Thereafter, there was no dual representation. Clearly then Jackson and Pearson were represented by different counsel at trial. In *Peyton v. Commonwealth*, Ky., 931 S.W.2d 451 (1996), we held that a violation of RCr 8.30 creates an irrebuttable presumption of prejudice. However, in *Peyton*, the defendant and her co-defendant were represented by the same counsel *at trial*. In explaining our holding, we stated:

[T]his Court relinquishes its role as the soothsayer of such cases, auguring as to whether or not prejudice did, or could have, resulted in a particular instance. In fact, although we hold for Appellant in this matter, it is precisely certain of the types of arguments advanced by Appellant herein which led us to our decision to change the state of our law with regard to RCr 8.30. Mere conjecture as to what counsel would have done, or as to what the co-defendant, or other witnesses, would have testified, but for the dual representation, does not afford this Court with that level of proof—namely, that above mere speculation—necessary in order to conduct a meaningful evaluation of the possibility, or existence, of prejudice in such a matter. Moreover, there may be, on some occasions, records so lacking as to make any just and accurate determination of this issue a virtual impossibility. Justice cannot be administered with crystal balls and tea leaves.

*Id.* at 454.

In the instant case, we need not speculate as to what counsel would have done at

trial "but for" the dual representation, because, at trial, there was no dual representation. The record reveals what each counsel did and did not do at trial. There is simply no reason to presume that prejudice to Jackson occurred at trial. Of course, the issue is not whether error occurred at trial, but whether error occurred at arraignment.

■ The risks inherent in dual representation are significantly reduced or non-existent at arraignment. This distinguishes the case at bar from *Peyton*. Because the alleged failure to comply with RCr 8.30 occurred at arraignment and not at trial, we will not presume prejudice. Thus, the alleged error is subject to a harmless error analysis.

Jackson makes absolutely no argument as to how he was prejudiced by the dual representation at arraignment. Further, he does not allege that, had he been aware of the dual representation, he would have pled differently. Consequently, there is no possibility that the alleged violation of RCr 8.30 at arraignment contributed to Jackson's conviction. The error, if any, was harmless. *Jarvis v. Commonwealth*, Ky., 960 S.W.2d 466, 471 (1998).

Finally, we note that Jackson's argument that he was prejudiced at trial misconceives the purpose of the rule, which is to protect a criminal defendant's right to separate representation. The rule effectuates this purpose by requiring that the trial court inform jointly-represented defendants about the potential for prejudice to their cases that may arise from the conflict of interest inherent in dual representation. The rule further protects a defendant by requiring him to waive his right to separate representation in writing.

■ The rule does not and cannot serve to prevent the conflict of interest that Jackson argues occurred at his trial. Necessarily, the possibility that defense counsel has learned something from the representation of one defendant that he or she can use to the advantage of a dually repre-sented co-defendant always will be present by the time the trial judge becomes aware of the dual representation. Compliance with RCr 8.30 does not cure this evil. The rule does not require that defense counsel withdraw from representing all defendants. Rather, it only prevents defense counsel from representing those defendants who, after having been informed by the trial court of the possibility of the conflict of interest inherent in dual representation, do not sign a written waiver pursuant to RCr 8.30. There are other, appropriate ways and means to address and correct a possible conflict of interest with a co-defendant's counsel.

For the reasons set forth above, the judgment of the Graves Circuit Court is hereby affirmed.

LAMBERT, C.J.; COOPER, GRAVES, KELLER, and WINTERSHEIMER, JJ., concur. STUMBO, J., dissents without opinion.